[No. C075250. Third Dist. May 21, 2015.]

THE PEOPLE, Plaintiff and Respondent, v.
JEREMIAH ALLEN JONES, Defendant and Appellant.

## COUNSEL

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DUARTE, J.**—A jury found defendant Jeremiah Allen Jones guilty of three counts of making criminal threats, obstructing an officer, first degree burglary, and two counts of misdemeanor child endangerment. (Pen. Code, §§ 69, 273a, subd. (b), 422, 459.)[1] Defendant admitted two strikes, which were also alleged as two prior serious felonies, and admitted serving three prior prison terms. (§§ 667, subds. (a)–(i), 667.5, subd. (b), 1170.12.) The trial court sentenced defendant to prison for 25 years to life plus eight years, and defendant timely filed this appeal.

On appeal, defendant contends the trial court erred by (1) having him shackled during trial; (2) admitting evidence of his gang membership; (3) failing to advise him of his rights before accepting his admission to prior convictions; and (4) failing to strike an enhancement allegation and instead staying it (§ 654).

The parties agree defendant's two serious felony convictions were not "brought and tried separately" as required by section 667, subdivision (a)(1), but disagree as to whether a trial court may impose and then stay sentence for one of those enhancements. As we explain *post* in the published portion of our decision, part IV of the Discussion, the answer is no. We shall vacate the enhancement, modify the sentence, and affirm the judgment as modified.

### FACTS

M.H. lived in a motel with her daughters, aged nine and five. On March 5, 2013, defendant kicked in the door, took her mobile phone out of her hand,

---

[1] Further undesignated statutory references are to the Penal Code.

and took her wallet, keys, and a knife. M.H. called the police but did not cooperate and did not want to file a report. A maintenance man had seen defendant several times, apparently stalking M.H., and trying to enter her room.

On March 8, 2013, defendant—armed with the knife he had taken—told M.H. he loved her when she returned to the motel. She told one of her daughters to ask her sister to call 911. Defendant threatened to "beat [her] ass" or "smash" her sister. When the daughter left the room, defendant pulled the knife on M.H., pushed M.H. onto the bed, and shoved her older daughter against a wall. M.H. grabbed a baseball bat and began beating defendant, while her daughter called 911. Defendant grabbed the bat from M.H., threw it away, and then threatened to "beat her ass" and to kill her.

When peace officers arrived, defendant was uncooperative. Officer Steven Morehouse arrived as defendant was being handcuffed, and recognized him due to a 2012 arrest based on a warrant from Southern California. He had learned then that defendant was a Crips gang member, both because of defendant's arm tattoo and his admission. During that prior arrest defendant became extremely violent and threatened that when his handcuffs were removed "he was going to knock somebody out, he was going to take somebody out" and it had taken five deputies to control him due to his violence.

On this occasion, Officer Morehouse took defendant to jail. When he tried to talk with defendant, defendant screamed, smashed his head against the patrol car's window, and kicked at the car door. As they left the motel, defendant screamed towards M.H.: "I'll be out tonight bitch. I'll be out tonight." He then shifted his remarks toward Morehouse, stating: "You're on, cuz. I'll be out tonight. I'll be back at you tonight, Morehouse." Defendant continued to scream, and asked what shifts Morehouse worked, and when Morehouse asked why he wanted that information, defendant said: "You'll find out. You can take that as a threat." He continued to swear and make threats, stating he was the "real deal" and would "bring this town to its knees." Morehouse audio recorded some of defendant's comments, including, "You think I'm just sittin' over here just talking. I promise you, cuz, I'll get you knocked out as soon as you walk out this door."

Because of defendant's demeanor, his direct and articulate threats, and his membership in the Crips gang, Morehouse took the threat seriously. It was one of only a few threats he had received in his 23-year career as a peace officer that he took seriously, and he remained afraid defendant would attempt to implement his threats even as of the time of trial. Morehouse was a gang expert, and testified the Crips were a highly organized and extremely violent

gang that committed crimes including assaulting and murdering peace officers. He feared defendant could retaliate, or arrange for a fellow gang member to retaliate, against Morehouse.

## DISCUSSION

### I–III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV

### *Sentencing*

■   The parties agree that defendant's two prior serious felony convictions (robbery and attempted robbery) were *not* "brought and tried separately" as provided by section 667, subdivision (a)(1). Because the two priors were charged together under the same case number and adjudicated in the same proceeding, we agree. (See *In re Harris* (1989) 49 Cal.3d 131, 136 [260 Cal.Rptr. 288, 775 P.2d 1057] [brought and tried separately means "the underlying proceedings must have been formally distinct, from filing to adjudication of guilt"].)

The People cursorily contend the trial court's act of imposing but staying execution of sentence for one of the priors under section 654 properly implements the statute. We disagree.

■   Section 667, subdivision (a)(1) provides in relevant part that "any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively." Parsed as relevant herein, any person convicted of a "serious felony" as defined later in the statute "shall receive" on top of the rest of the sentence an additional "five-year enhancement for each such prior conviction on charges brought and tried separately." (§ 667, subd. (a)(1).)

"Section 667(a) enhancements must be imposed for *each* prior serious felony conviction 'separately brought and tried.' The question whether prior convictions were brought and tried separately is for the court to decide, not

---

*See footnote, *ante*, page 1411.

the jury." (Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2014) ¶ 20:27, p. 20-14; see 3 Witkin & Epstein, Cal. Crim. Law (4th ed. 2012) Punishment, § 405, p. 626 ["A 5-year consecutive enhancement must be imposed for each prior conviction on charges 'brought and tried separately.' "]; *id.*, § 411, p. 636 ["Each prior conviction must stem from 'charges brought and tried separately.' "].)

Two prior decisions of this court confirm that only those priors brought and tried separately qualify. (See *People v. Wagner* (1994) 21 Cal.App.4th 729, 732–737 [26 Cal.Rptr.2d 383] [clarifying what " 'brought and tried separately' " means in practice]; *People v. Deay* (1987) 194 Cal.App.3d 280, 286–290 [239 Cal.Rptr. 406] [agreeing that one of two prior serious felony convictions had to be vacated because the two were not brought and tried separately].) The gist of these holdings is that it is an *element* of the prior serious felony enhancement that the charges be "brought and tried separately" and where, as in this case, multiple serious felonies were proven in a single prior proceeding, the People cannot prove more than one such enhancement exists.

■ The People briefly assert that *staying* the effect of one of the two prior serious felonies that were not brought and tried separately is sufficient under the statute, so that a defendant only receives punishment for one of them, consistent with the statutory purpose, in their view. However, under section 654, a stayed sentence is one that has first been *imposed*, but because of some legal rule must be stayed to prevent the infliction of any *punishment* for such imposed sentence. Imposing a stayed sentence results in the *receipt* of a sentence, albeit one that is not executed absent some subsequent reason to lift the stay. (See *People v. Alford* (2010) 180 Cal.App.4th 1463, 1468–1470 [103 Cal.Rptr.3d 898].)

■ But as outlined above, section 667, subdivision (a)(1) is written so as to require that the defendant "shall receive" an extra sentence for and only for those prior convictions that were "brought and tried separately" and such requirement is an element of the enhancement. Thus, the mere *imposition* of sentence for a prior conviction that was *not* brought and tried separately runs afoul of the statute, whether or not the sentence is executed.

The case authority cited but not analyzed by the People is inapposite, as it involves other statutory situations, such as where a prior serious felony

conviction enhancement and a one-year prior prison term enhancement (§ 667.5, subd. (b)) are based on the same conviction (*People v. Walker* (2006) 139 Cal.App.4th 782, 794, fn. 9 [43 Cal.Rptr.3d 257]), or where a trial court must choose between alternative sentencing schemes provided by the "one-strike law" and the "habitual sexual offender law" (see §§ 667.61, 667.71; *People v. Lopez* (2004) 119 Cal.App.4th 355, 360–366 [14 Cal.Rptr.3d 202]). Both of the People's cases in turn relied on a sentencing rule providing as follows: "No finding of an enhancement may be stricken or dismissed because imposition of the term either is prohibited by law or exceeds limitations on the imposition of multiple enhancements. The sentencing judge must impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and must thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay will become permanent on the defendant's service of the portion of the sentence not stayed." (Cal. Rules of Court, rule 4.447.)[5]

Rule 4.447 begins by stating, "No finding of an enhancement may be stricken or dismissed" to comply with legal limitations. One of the People's cited cases emphasizes that "A stay under rule 4.447 is not issued under Penal Code section 654. Nevertheless, it is analogous." (*People v. Lopez, supra*, 119 Cal.App.4th at p. 365.)

In the instant case, the *finding* that two serious priors existed was itself erroneous, because those priors were not brought and tried separately. Thus rule 4.447 never came into play.[6]

## DISPOSITION

The judgment is modified by vacating the prior serious felony the trial court imposed but stayed under section 654. As modified, the judgment is affirmed.

---

[5] Further references to rules are to the California Rules of Court.

[6] We note the comment to rule 4.447 references illustrative statutes that would trigger it, including section 667, subdivision (a)(2), but *not* subdivision (a)(*1*). (See Advisory Com. com., 23 pt. 1B West's Ann. Codes, Court Rules (2006 ed.) foll. rule 4.447, p. 325.) *People v. Gonzalez* (2008) 43 Cal.4th 1118 [77 Cal.Rptr.3d 569, 184 P.3d 702], involving multiple firearm enhancements, addressed section 12022.53, subdivision (f)'s requirement that only one additional term therefor may be imposed. *Gonzalez* explained "impose" can mean impose *and execute* or impose *and stay*, and held the proper way to handle multiplicative firearm enhancements is to impose sentence on each, and stay execution of sentence on all but one. (*Gonzalez*, at pp. 1124–1130.) But nothing in *Gonzalez* addressed section 667, subdivision (a)(1), which requires that multiple prior convictions be proven to have been brought and tried separately before found to be valid enhancements and sentence imposed therefor.

The trial court shall prepare and forward to the Department of Corrections and Rehabilitation a certified copy of an amended abstract of judgment.

Robie, Acting P. J., and Mauro, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 19, 2015, S227251.