Filed 11/25/15  P. v. Roman CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERICK GARCIA ROMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B261291<br>(Super. Ct. No. 1404142)<br>(Santa Barbara County) |

Erick Garcia Roman appeals his convictions by jury of willful, deliberate and premeditated attempted murder (count 1; Pen. Code, §§ 664/187, subd. (a))[1], assault by means of force likely to produce great bodily injury (count 2; § 245, subd. (a)(4)), custodial possession of a weapon (count 3; § 4502, subd. (a)), and assault with personal use of a deadly weapon (count 4; § 245, subd. (a)(1)) with a gang enhancement finding on each count (§ 186.22, subd. (b)(1)).  In a bifurcated proceeding, appellant admitted two prior serious felony convictions (§ 667, subd. (a)(1)) and a prior strike conviction (§§ 667, subds. (b) - (e); 1170.12, subds. (b) - (c).)  The trial court sentenced appellant to 30 years to life, plus ten years on the serious felony enhancements (§ 667, subd. (a)(1)), for an aggregate sentence of 40 years to life state prison.  We strike one of the five-year serious felony enhancements, vacate the conviction on count 2 for assault with force

---

[1] All statutory references are to the Penal Code.

likely to cause great bodily injury (see *In re Mosley* (1970) 1 Cal.3d 913, 919, fn. 5), and reduce the sentence to 35 years to life. As modified, the judgment is affirmed.

*Facts and Procedural History*

On August 18, 2011, appellant assaulted fellow inmate and rival gang member, Sergio Aparicio, in the Santa Barbara County Jail. Appellant, an Eastside Traviesos gang member, ran up to Aparicio and slashed the left side of his neck and head with a razor. The unprovoked attack was videotaped on a jail surveillance camera.

Eastside Traviesos gang was an organized street gang controlled by the Surenos gang. The primary activities of the Eastside Traviesos and Surenos gangs were murder, attempted murder, assault with deadly weapons, and narcotics sales. Santa Barbara Sheriff Department Detective Steven Gonzalez, a gang expert, opined that the attack was committed to promote and benefit the Eastside and Surenos gangs.

In the second phase of trial, appellant admitted that he was convicted in 2009 of attempted murder (§§ 664/187, subd. (a)) and street terrorism (§ 186.22, subd. (a)) and that it qualified as a prior strike. (§§ 667, subd. (d)(1); 1170.12, subd. (b)(1).)

Appellant was sentenced to an aggregate term of 40 years to life state prison.[2]

*Prior Serious Felony Enhancements*

Appellant contends, and the Attorney General agrees, that a five-year serious felony enhancement must be stricken because the felony priors were not brought

---

[2] The 40-year-to-life sentence was based on the following sentence calculation: on count 1 for attempted murder, 30 years to life (15 years to life, doubled based on the prior strike); on count 2 for assault with force likely to cause great bodily injury, eight years (four year upper term, doubled based on prior strike) plus five years on the gang enhancement; on count 3 for custodial weapon possession, eight years (four year upper term doubled based on prior strike) plus five years on the gang enhancement; and on count 4 for assault with a deadly weapon, eight years (four year upper term doubled based on prior strike) plus a five year gang enhancement. The trial court stayed the sentence on the assault counts (counts 2 and 4) pursuant to section 654, ordered the sentence on count 3 to run concurrent to the sentence on count 1, and imposed two consecutive five year terms pursuant to section 667, subdivision (a).

and tried separately as required by section 667, subdivision (a)(1).  Section 667 provides in relevant part that "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five year enhancement for each such prior conviction on charges brought and tried separately . . . ."  (§ 667, subd. (a)(1).)  "The requirement in section 667 that the predicate charges must have been 'brought and tried separately' demands that the underlying proceedings must have been formally distinct, from filing to adjudication of guilt."  (*In re Harris*  (1989) 49 Cal.3d 131, 136; see *People v. Wilson* (2013) 219 Cal.App.4th 500, 510 [court may look to record of conviction to determine whether prior serious felony convictions were sustained on charges brought and tried separately].)

Here, the prior serious felonies (attempted murder and street terrorism), were charged under the same case number (Santa Barbara County Super. Ct., Case No. 1292667) and adjudicated in the same proceeding.  (See e.g., *People v. Jones*  (2015) 236 Cal.App.4th 1411, 1415.)  Because the serious felony prior convictions were incident to a single complaint, appellant is subject to only one five-year enhancement.  (*In re Harris, supra,* 49 Cal.3d at pp. 136-137; *People v. Frausto* (2010) 180 Cal.App.4th 890, 903 [error to impose more than one enhancement when three prior convictions were from one case].)  We accordingly strike one of the five-year enhancements and reduce the sentence from 40 years to life to 35 years to life.

*Multiple Convictions for Assault*

Appellant argues that the assault convictions are duplicative and the conviction for assault by means of force likely to cause great bodily injury (count 2) should be vacated.  "When a single act relates to but one victim, and violates but one statute, it cannot be transformed into multiple offenses by separately charging violations of different parts of the statute."  (*People v. Tenney* (1958) 162 Cal.App.2d 458, 461.)  In *In re Mosley, supra,* 1 Cal.3d 913, our Supreme Court held that "[t]he offense of assault by means of force likely to produce great bodily injury is not an offense separate from . . . the offense of assault with a deadly weapon."  (*Id.*, at p. 919, fn. 5.)

3

On the eve of trial, the prosecution filed a second amended information that charged, in the alternative, two different types of assault: assault by means of force likely to produce great bodily injury (count 2) and assault with personal use of a deadly weapon (count 4).[3] The jury was not instructed that counts 2 and 4 were alternative charges for a single assault and that it could not return a guilty verdict on both counts. (See CALCRIM 3516.) After the jury returned a guilty verdict on counts 2 and 4, the trial court imposed a 13-year sentence on each count and stayed the sentences pursuant to section 654.

The Attorney General contends that appellant committed a separate assault each time he slashed the victim and that section 954 permits multiple convictions.[4] (See *People v. Allen* (1999) 21 Cal.4th 846, 865 [section 954 permits dual convictions provided it does not result in multiple punishment in violation of section 654].) We reject the argument because the assault was a single course of conduct, involving the same weapon and victim.

In 2011, when appellant committed the assault, Section 245, subdivision (a)(1) described two different ways of committing a prohibited assault: (1) by use of a deadly weapon or instrument other than a firearm or (2) by means of force likely to produce great bodily injury. (See *People v. Martinez* (2005) 125 Cal.App.4th 1035, 1043.) Before 2012, both offenses were in the same subdivision (i.e., former section 245, subdivision (a)(1)); in 2012 the Legislature separated them to make a technical

---

[3] The prosecution stated that the assault was being charged in the alternative: "Mr. Williamson [defense counsel] and I have had informal discussions and his theory of the case may be that this was a force likely versus assault with a deadly weapon. So, I agreed to add that charge in the alternative. So, there's assault with a deadly weapon charge and then in the alternative just a straight up assault by means of force likely."

[4] Section 954 provides in pertinent part: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense . . . under separate counts. . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged, and each offense of which the defendant must be stated in the verdict. . . "

nonsubstantive change, not to create separate offenses. (See 5 West's Cal. Legislative Service (2011) ch. 183, p. 2394; Hearings before Sen. Public Safety Com. on Assem. Bill No. 1026 (June 14, 2011). Because section 245, subdivisions (a)(1) and (a)(4) define a single offense, appellant may only be convicted of one count of aggravated assault. (*In re Mosley, supra,* 1 Cal.3d at p. 919, fn. 5.)

We vacate the conviction on count 2 for assault by means likely to produce great bodily injury on the ground that assault with a deadly weapon (count 4) is the greater offense. Although both types of assault have the same sentencing range, assault with a deadly weapon is by statute a serious felony and a strike under the Three Strikes Law. (§§ 1192.7, subd. (c)(31); 667, subd. (d)(1); 1170.12, subd. (b)(1)). "A conviction under the deadly weapon prong of section 245(a)(1) is a serious felony, but a conviction under the [great bodily injury] prong is not." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1065.)

*Conclusion*

The judgment is modified to: (1) strike one of the five-year serious felony enhancements (§ 667, subd. (a)(1); (2) vacate the conviction of count 2 for assault with force likely to cause great bodily injury; and (3) reduce the aggregate sentence from 40 years to life, to 35 years to life. The superior court clerk is directed to amend the December 2, 2014 minute order and abstract of judgment to reflect the modification, and to forward certified copies to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stevend D. Matthews, Supervising Deputy Attorney General, Rama R. Ma;ine, Deputy Attorney General, for Plaintiff and Respondent.