Filed 3/8/16  P. v. Valezuela CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063342 |
| v. | (Super.Ct.No. INF1201315) |
| RICHARD ANDREW VALENZUELA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Ronald L. Johnson, Judge.  (Retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Conditionally reversed with directions.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Richard Andrew Valenzuela pled guilty to one count of burglary (Pen. Code, § 459).[1] Defendant admitted he suffered (1) three prior serious felony convictions (§ 667, subd. (a)); (2) three prior strike convictions (§§ 667, subds. (c)&(e)(1), 1170.12, subd. (c)(1)); and (3) one prior conviction that resulted in a prison term (§ 667.5, subd. (b)). Defendant entered a "no promises blind plea," but his plea form reflects the maximum possible custody commitment would be 25 years to life. The trial court sentenced defendant to prison for a determinate term of 15 years, and an indeterminate term of 25 years to life.

Defendant raises three issues on appeal. First, defendant contends the trial court erred by summarily denying his motion to withdraw his guilty plea. The People concede defendant is correct. Second, defendant asserts the trial court erred by imposing three separate five-year prison terms for the prior serious felony convictions (§ 667, subd. (a)). The People concede defendant is correct. Third, defendant contends the trial court erred by staying, rather than striking, the one-year sentence for his prison prior (§ 667.5, subd. (b)). We conditionally reverse the judgment for the limited purpose of permitting defendant to file a motion to withdraw his guilty plea.

## FACTUAL AND PROCEDURAL HISTORY

On March 2, 2015, defendant entered his guilty plea. The plea was a "no promises blind plea." Defendant's plea form reflects the maximum possible custody commitment would be 25 years to life. The trial court referred the matter to the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

probation department for a sentencing report, and defendant's trial counsel planned to file a *Romero*[2] motion.

The trial court received the probation officer's report in defendant's case on March 23, 2015,[3] and filed the report on April 3, 2015. The report reflects defendant's plea form "indicated '25 to life.'" The probation officer contacted defendant's trial attorney by telephone and requested a statement. Defendant's trial counsel said, "'He will receive a consecutive 25 years to life sentence to his 145 years to life sentence.'"[4] For the instant case, the probation officer calculated defendant's determinate term exposure as 16 years, and his indeterminate term exposure as 25 years to life.

Defendant's sentencing hearing took place on April 3, 2015. The following exchange took place at the hearing:

"[Defense Counsel]: Your Honor, I did have a discussion prior to the court calling the case with [defendant]. He indicated that he would be asking for an

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[3] The report is date stamped March 23, 2014, but we infer the year is an error based on the chronology of the case, and the correct year is 2015.

[4] Defendant had an April 16, 2014, case in which he was sentenced to prison for a 66-year determinate term and an 83-years-to-life indeterminate term. That prior case is Riverside County case No. INF1200458. The trial court in the instant case said defendant's sentence in the instant case would be "consecutive to the existing time—the existing sentence, which is currently imposed," which presumably means the sentence in case No. INF1200458. The minute order also reflects the current sentence is to be served consecutive to the sentence in case No. INF1200458. However, an attachment to the abstract of judgment reflects the sentence in the current case is to be served concurrent with the sentence in case No. INF1200458. We will direct the trial court to fix the error in the attachment to the abstract of judgment.

opportunity to file a motion to withdraw his plea. I discussed the matter with him regarding the basis for the motion and so forth. So I'd like him to address the court regarding that issue.

"The Court: Very well. [¶] [Defendant], you wish to address the court, sir?

"The Defendant: I want to withdraw my plea.

"The Court: One more time, please?

"The Defendant: I want to withdraw my plea.

"The Court: And, this is the time for sentencing. It is not the time for that. Why is that occurring this morning?

"The Defendant: I got 30 days to withdraw my plea. That's my right.

"The Court: All right. Your motion is denied. [¶] Ready to proceed on sentencing?

"[Defense Counsel]: Yes, Your Honor."

Defense counsel argued his *Romero* motion. Defense counsel requested a 14-year determinate sentence, which would "run prior to his two life terms that [defendant] has on his other case." The prosecutor argued, "The defendant chose to plead to the court at the time of the trial, and the only sentence the court can really impose is 25 to life or, I'm sorry, 15 years plus 25 to life consecutive to his sentence he was already sentenced to on the other trial that he went forward with."

The trial court imposed a 25-year-to-life indeterminate prison term. As to the determinate prison term, the court stayed the one-year sentence for defendant's prison prior (§ 667.5, subd. (b)), and imposed three separate five-year prison terms for

defendant's three prior serious felony convictions (§ 667, subd. (a)). The three prior

serious felony convictions were incurred in the same prior case, Riverside County case

No. INF059844.

## DISCUSSION

### A.     MOTION TO WITHDRAW THE GUILTY PLEA

Defendant contends the trial court erred by summarily denying his motion to

withdraw his guilty plea. The People concede the trial court erred by summarily

denying defendant's motion, although the People do not concede there is good cause for

granting the motion if the motion is heard in the future.

We review the trial court's ruling for an abuse of discretion. (*People v.

Alexander* (2015) 233 Cal.App.4th 313, 318.) Section 1018 permits a defendant to

move to withdraw his guilty plea "any time before judgment." "Judgment" refers to

pronouncement of the defendant's sentence. (§ 1191; *People v. Williams* (1944) 24

Cal.2d 848, 849-850.)

In the instant case, when defendant expressed his desire to withdraw his plea, the

trial court said, "[T]his is the time for sentencing. It is not the time for that. Why is that

occurring this morning?" The court summarily denied defendant's motion. The trial

court erred by summarily denying defendant's motion because defendant should have

been given an opportunity to present his reasons why good cause exists for withdrawing

his plea. (§ 1018 [plea may be withdrawn upon good cause being shown].) The trial

court had not yet pronounced judgment, so defendant's motion was timely. The trial

5

court exceeded the bounds of reason by concluding the motion was untimely, when judgment had not yet been pronounced. Accordingly, we conclude the trial court erred.

We will conditionally reverse the judgment for the limited purpose of permitting defendant to make a motion to withdraw his guilty plea. The decision to grant or deny the motion rests within the trial court's discretion. (*People v. Alexander*, *supra*, 233 Cal.App.4th at p. 318.) If the motion is granted, then the judgment is reversed. If the motion is denied, then the judgment is affirmed with the directions related to defendant's sentence and abstract of judgment.

B.    PRIOR SERIOUS FELONY SENTENCE

Defendant contends the trial court erred by imposing separate prison terms for the three prior serious felony convictions (§ 667, subd. (a)) because the prior convictions were incurred in a single prior case. The People concede defendant is correct.

A consecutive five-year prison term must be imposed for each prior serious felony conviction that was "brought and tried separately." (§ 667, subd. (a)(1).) Prior convictions arising from a single complaint are "not brought [and tried] separately within the meaning of section 667(a)(1)." (*People v. Wiley* (1995) 9 Cal.4th 580, 592.)

The three prior serious felonies were all alleged to be part of a single case— Riverside County case No. INF059844. When defendant admitted suffering the prior convictions, he said they were all part of Riverside County case No. INF059844. Given that the three prior serious felonies were part of a single prior case, they were not "brought and tried separately."

6

The "brought and tried separately" requirement in section 667 subdivision (a)(1) is an element of the enhancement. (*People v. Jones* (2015) 236 Cal.App.4th 1411, 1416.) If "multiple serious felonies were proven in a single prior proceeding, the People cannot prove more than one such enhancement exists." (*Ibid.*) Accordingly, the finding that there were three prior serious felony convictions, rather than one, was error. As such, two prior serious felony findings and sentences (§ 667, subd. (a)) must be vacated.

The People assert two of the prior serious felony sentences could be stayed, rather than vacated. The People rely on California Rules of Court, rule 4.447, which provides, "No finding of an enhancement may be stricken or dismissed because imposition of the term either is prohibited by law or exceeds limitations on the imposition of multiple enhancements. The sentencing judge must impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and must thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay will become permanent on the defendant's service of the portion of the sentence not stayed."

In *People v. Jones*, *supra*, 236 Cal.App.4th 1411, the appellate court explained that California Rules of Court, rule 4.447 "never c[o]me[s] into play" when a trial court errs by finding prior serious felonies were brought and tried separately. (*Jones*, at p. 1417, fn. omitted.) The *Jones* court noted that section 667, subdivision (a)(1), mandates a consecutive five-year prison term for each prior serious felony conviction that is brought and tried separately. The *Jones* court then reasoned that since the "brought and tried separately" aspect of the statute is an element, "the mere imposition of sentence for

7

a prior conviction that was not brought and tried separately runs afoul of the statute, whether or not the sentence is executed." (*Jones*, at p. 1416.) In other words, if a required element is missing, the true finding should not have been made. As such, staying the sentence will not remedy the harm. The finding and sentence must be vacated. We agree with the reasoning in the *Jones* case, and therefore find the People's argument to be unpersuasive.

      C.     <u>PRISON PRIOR</u>

Defendant contends the trial court erred by staying, rather than striking, the one-year sentence for his prison prior (§ 667.5, subd. (b)) because the prior serious felony (§ 667, subd. (a)) and the prison prior (§ 667.5, subd. (b)) were both derived from a single offense in defendant's prior Riverside County case, No. INF059844.

In *People v. Jones* (1993) 5 Cal.4th 1142 (*Jones*) our Supreme Court concluded the trial court erred by requiring the defendant to serve a one-year prison term for a prison prior (§ 667.5, subd. (b)), which was derived from the same prior case as the defendant's prior serious felony (§ 667, subd. (a)). (*Jones*, at pp. 1150-1153.) The Supreme Court directed the trial court to strike the one-year sentence because only the greater of the two sentences could be imposed.

In *People v. Lopez* (2004) 119 Cal.App.4th 355 (Fourth Dist., Div. Two), this court determined that the *Jones* court "did not actually discuss whether striking the unused enhancement finding was the appropriate remedy," and thus the *Jones* case is not authority on the issue. (*Lopez*, at p. 364.) This court analyzed the "strike versus stay" issue and concluded staying the sentence is the appropriate solution when the one-

8

year sentence is barred due to the five-year sentence being derived from the same prior crime. (*Id*. at pp. 364-365.)

*Lopez* has been followed by the Second District, Division Seven, Court of Appeal (*People v. Walker* (2006) 139 Cal.App.4th 782, 794, fn. 9); however, the Fourth District, Division One, Court of Appeal concluded striking a one-year prison prior enhancement is the appropriate solution under *Jones*. (*People v. Perez* (2011) 195 Cal.App.4th 801, 805.) We elect to follow the precedent we set in *Lopez*, and therefore conclude the trial court did not err by staying the one-year sentence for defendant's prison prior.

## DISPOSITION

The judgment is conditionally reversed for the limited purpose of defendant filing a motion to withdraw his guilty plea. (§ 1018.) Defendant has 30 days from the date of the remittitur being issued in this case to file his motion (§ 1018) in the trial court. If defendant's motion is granted, then the judgment is reversed. If defendant's motion is denied, or if defendant fails to file his motion within the 30-day deadline, then (1) the second and third prior serious felony findings are vacated, as are the two associated five-year prison terms; and (2) the judgment is affirmed with the following directions: The trial court is directed to (a) dismiss the second and third prior serious felony allegations (§ 667, subd. (a)); and (b) issue amended abstracts of judgment (i) with the corrected determinate sentence (§ 667, subd. (a)), and (ii) reflecting the sentence for the current case is to be served consecutive to the sentence for Riverside County case No. INF1200458.

9

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:


HOLLENHORST _____
      Acting P. J.


CODRINGTON _____
      J.