Filed 7/11/16  P. v. Valenzuela CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062651 |
| v. | (Super.Ct.No. INF1200458) |
| RICHARD ANDREW VALENZUELA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dean Benjamini, Judge.

Affirmed in part with directions; reversed in part, affirmed as modified.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sharon L. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

1

In Count 2, a jury found defendant and appellant Richard Andrew Valenzuela guilty of assault with a firearm (Pen. Code, § 245, subd. (a)(2)),[1] and found true the allegation that defendant personally used a firearm (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)). In Count 3, the jury found defendant guilty of discharging a firearm in a grossly negligent manner which could result in injury or death to a person (§ 246.3, subd. (a)), and found true the allegation defendant personally used a firearm (§§ 667, subd. (a), 1192.7, subd. (c)(8)). In Count 4, the jury found defendant guilty of burglary (§ 459), and found true the allegation defendant used a deadly and dangerous weapon (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)).

In Count 5, the jury found defendant guilty of preventing or dissuading a victim of a crime from causing a complaint, information, or probation or parole violation from being sought or prosecuted (§ 136.1, subd. (b)(2)), and found true the allegation defendant used a deadly and dangerous weapon (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)). In Count 7, the jury found defendant guilty of drawing or exhibiting a deadly weapon, other than a firearm, in a rude, angry, or threatening manner or unlawfully using the weapon in a fight or quarrel. (§ 417, subd. (a)(1).)

In Count 8, the jury found defendant guilty of shooting at an inhabited dwelling house (§ 246), and found true the allegation that defendant personally used a firearm (§§ 667, subd. (a), 1192.7, subd. (c)(8)). In Count 9, the jury found defendant guilty of assault with a firearm (§ 245, subd. (a)(2)), and found true the allegation that defendant

---

[1] All subsequent statutory references will be to the Penal Code unless otherwise indicated.

personally used a firearm (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)). In Count 10, the jury found defendant guilty of preventing or dissuading a victim of a crime from causing a complaint, information, or probation or parole violation from being sought or prosecuted (§ 136.1, subd. (b)(2)), and found true the allegation defendant used a firearm in the commission of the offense (§ 12022, subd. (a)(1)).[2]

The trial court found true the allegations that defendant suffered three prior first-degree burglary (§ 459) convictions in Riverside County case No. INF059844. The court concluded those three convictions qualified as three prior strike convictions (§§ 667, subds. (c)&(e)(1), 1170.12); three prior serious felonies (§ 667, subd. (a)); and one prison prior (§ 667.5, subd. (b)). The court sentenced defendant to prison for a determinate term of 66 years and an indeterminate term of 83 years to life.

First, defendant requests this court independently review the sealed record of the in-camera *Pitchess*[3] hearing, to determine if the trial court erred in denying defendant's *Pitchess* motion. The People support defendant's request. Second, defendant asserts the trial court erred by imposing three separate five-year prison terms for the prior serious felony convictions (§ 667, subd. (a)). The People support defendant's argument. Third, defendant contends the trial court erred by staying, rather than striking, the one-year sentence for his prison prior (§ 667.5, subd. (b)). The People concede defendant is correct. Fourth, defendant asserts the parole revocation fine (§ 1202.45, subds. (a)&(c))

---

[2] The trial court granted defendant's motion for judgment of acquittal (§ 1118.1) as to Counts 1, 6, and 11.

[3] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

3

should be modified to match the restitution fine (§ 1202.4, subd. (b)).  The People concede defendant is correct.  Fifth, defendant asserts this court should order the trial court to correct clerical errors in the abstract of judgment.  The People concede defendant is correct.  We affirm the judgment with directions.

## FACTUAL AND PROCEDURAL HISTORY

In December 2011 defendant and LaPrea Floyd had a sexual relationship.  Floyd resided in Desert Hot Springs.  On December 10, 2011, Floyd argued with defendant at her house.  Defendant then physically fought with Floyd's brother inside the house; the fight moved to outside the house.  As Floyd and her sister joined the fight against defendant, defendant ran toward the desert.  Defendant returned to Floyd's street with a gun.  Defendant fired the gun down the street, toward Floyd, her family, and her friends, who were outside.  Floyd's mother called 911.  Floyd ended her relationship with defendant.

In May 2012 Floyd and her boyfriend were asleep in her bedroom.  Floyd awoke to defendant at her bedroom door holding one of her kitchen knives.  Defendant asked where Floyd's two-year-old son was.  Floyd screamed for her brother.  Defendant fought with Floyd's brother.  Defendant ran out the front door.  Floyd called 911.

On June 6, 2012, Floyd and her boyfriend were asleep in her bedroom.  Floyd awoke to defendant firing approximately six gunshots at her bedroom window.  Floyd called 911.

4

## DISCUSSION

### A. *PITCHESS* HEARING

#### 1. *PROCEDURAL HISTORY*

Prior to trial, defendant filed a *Pitchess* motion to discover material related to dishonesty in the personnel file of City of Desert Hot Springs Police Officer Scott Field. The attorney for the City of Desert Hot Springs agreed to an in-camera review of the officer's personnel file. At the in-camera review, the custodian of records for the City of Desert Hot Springs provided Officer Field's personnel file. The trial court reviewed the file and spoke with the custodian of records. The trial court found no information in the file to disclose to the defense. The trial court informed defendant's trial counsel there was no information to disclose.

#### 2. *ANALYSIS*

Defendant requests this court review the sealed record of the trial court's in-camera *Pitchess* proceedings to determine if the trial court followed the proper procedures, and whether it erred by not ordering information be disclosed to the defense. The People support defendant's contention.

"*Pitchess*, *supra*, 11 Cal.3d 531, and its statutory progeny are based on the premise that evidence contained in a law enforcement officer's personnel file may be relevant to an accused's criminal defense and that to withhold such relevant evidence from the defendant would violate the accused's due process right to a fair trial. *Pitchess* and Evidence Code sections 1043 through 1047 also recognize that the officer in question has a strong privacy interest in his or her personnel records and that such

5

records should not be disclosed unnecessarily. Accordingly, both *Pitchess* and the statutory scheme codifying *Pitchess* require the intervention of a neutral trial judge, who examines the personnel records in camera, away from the eyes of either party, and orders disclosed to the defendant only those records that are found both relevant and otherwise in compliance with statutory limitations." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1227.)

We have reviewed the sealed reporter's transcript of the in-camera *Pitchess* proceedings and conclude the proper procedures were followed. Further, our review of the record reflects the trial court did not abuse its discretion in concluding there were no discoverable matters with respect to Officer Field. (See *People v. Hughes* (2002) 27 Cal.4th 287, 330 [a ruling on a *Pitchess* motion is reviewed for an abuse of discretion].) In sum, the trial court did not err.

### B. PRIOR SERIOUS FELONY SENTENCE

#### 1. *PROCEDURAL HISTORY*

The trial court imposed three five-year prison terms for defendant's three prior serious felony convictions, which all resulted from Riverside County case No. INF059844.

#### 2. *CONTENTIONS*

Defendant contends the trial court erred by imposing three separate five-year prison terms for the three prior serious felony convictions (§ 667, subd. (a)) because the prior convictions were incurred in a single prior case. The People concede defendant is

6

correct and assert defendant's Three Strikes sentence for Counts 2 and 9 must also be modified.

### 3. *PRIOR SERIOUS FELONIES*

A consecutive five-year prison term must be imposed for each prior serious felony conviction that was "brought and tried separately." (§ 667, subd. (a)(1).) Prior convictions arising from a single complaint are "not brought separately within the meaning of section 667(a)(1)." (*People v. Wiley* (1995) 9 Cal.4th 580, 592.)

Defendant's three prior serious felonies were all alleged to be part of a single case—Riverside County case No. INF059844. When the trial court found the prior conviction allegations to be true it said, "[T]he 969(b) packet does establish to my satisfaction that [defendant] has been convicted of three counts of first degree burglary, as stated in INF059844 . . . ." Given that the three prior serious felonies were part of a single prior case, they were not "brought and tried separately."

The "brought and tried separately" requirement in section 667 subdivision (a)(1) is an element of the enhancement. (*People v. Jones* (2015) 236 Cal.App.4th 1411, 1416.) If "multiple serious felonies were proven in a single prior proceeding, the People cannot prove more than one such enhancement exists." (*Ibid.*) Accordingly, the finding that there were three prior serious felony convictions, rather than one, was error. As such, two of the prior serious felony findings and sentences (§ 667, subd. (a)) must be vacated.

7

4. *THREE STRIKES*

a) Procedural History

For Count 2 (§ 245, subd. (a)(2)), the trial court added 15 years for the three prior serious felony convictions (§ 667, subd. (a)). The trial court did the same thing for Counts 4, 5, 8, and 9. The 15-year sentences in Count 5 and 8 were stayed.

b) Analysis

The People contend the trial court's error concerning the serious felonies affected defendant's Three Strike sentences in Counts 2 and 9.

"Under the Three Strikes law, section 667(a) enhancements are to be applied individually to each count of a third strike sentence." (*People v. Williams* (2004) 34 Cal.4th 397, 405.) As explained *ante*, there should only be one prior serious felony enhancement (§ 667, subd. (a)). As a result, two of the three prior serious felony sentences in Count 2 must be vacated, thereby reducing the determinate term on Count 2 by 10 years. Additionally, two of the three prior serious felony sentences (§ 667, subd. (a)) in Counts 4, 5, 8, and 9 must be vacated, thereby reducing the determinate terms in those counts by 10 years each.

C. PRISON PRIOR

Third, defendant contends the trial court erred by staying, rather than striking, the one-year sentence for his prison prior (§ 667.5, subd. (b)) because the prior serious felony (§ 667, subd. (a)) and the prison prior (§ 667.5, subd. (b)) were both derived from a single offense. The People concede defendant is correct, but assert the trial court should be given the option of imposing or striking the sentence.

8

In *People v. Jones*, our Supreme Court concluded the trial court erred by requiring the defendant to serve a one-year prison term for a prison prior (§ 667.5, subd. (b)) that was derived from the same prior offense as the defendant's prior serious felony (§ 667, subd. (a)). The Supreme Court directed the trial court to strike the one-year prison prior sentence because only the greater of the two sentences could be imposed. (*People v. Jones* (1993) 5 Cal.4th 1142, 1150-1153.)

In *People v. Lopez*, this court determined that the *Jones* court "did not actually discuss whether striking the unused [prison prior] enhancement finding was the appropriate remedy," and thus the *Jones* case is not authority on the issue. (*People v. Lopez* (2004) 119 Cal.App.4th 355, 364.) This court analyzed the "strike versus stay" issue and concluded staying the prison prior sentence is the appropriate solution when the one-year sentence is barred due to the five-year sentence being derived from the same prior crime. (*Id.* at pp. 364-365.)

*Lopez* has been followed by the Second District, Division Seven, Court of Appeal (*People v. Walker* (2006) 139 Cal.App.4th 782, 794, fn. 9); however, the Fourth District, Division One, Court of Appeal concluded striking a one-year prison prior enhancement is the appropriate solution, under *Jones* (*People v. Perez* (2011) 195 Cal.App.4th 801, 805.) We elect to follow the precedent we set in *Lopez*, and therefore conclude the trial court did not err by staying the one-year sentence for defendant's prison prior.

However, because we have now vacated two of the prior serious felony findings (§ 667, subd. (a)), the prison prior sentence (§ 667.5, subd. (b)) could properly be

9

imposed—the prison prior would not necessarily be the same offense as the serious felony that remains.  So the trial court did not err, but due to the changes in the prior serious felony (§ 667, subd. (a)) sentences, we will permit the trial court to exercise its discretion in whether it chooses to impose the one-year sentence for the prison prior.

D.     PAROLE REVOCATION FINE

Defendant contends the $1,920 parole revocation fine (§ 1202.45, subds. (a)&(c)) should be modified to match the $300 restitution fine (§ 1202.4, subd. (b)).  The People concede defendant is correct.

Section 1202.45, subdivision (a), provides, "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."

The trial court erred by imposing a parole revocation fine (§ 1202.45) in excess of the amount imposed for the restitution fine (§ 1202.4).  Accordingly, we will order the parole revocation fine (§ 1202.45) be modified to $300.

E.     ABSTRACT OF JUDGMENT

Defendant contends the abstract of judgment needs to be amended to reflect (1) the court sentenced defendant to 10-year prison terms for the firearm enhancements (§ 12022.5, subd. (a)) in Counts 2 and 9—not 15 years to life and 15 years as the abstract currently reads; (2) the court sentenced defendant to one year for the deadly and dangerous weapon enhancement (§ 12022, subd. (b)(1)) in Count 4—not 15 years as the

abstract currently reflects; and (3) the trial court awarded defendant credit of 1,018 days, calculated as 885 days of actual custody, plus 133 days of conduct credit (§ 2933.1)—not zero credit as the abstract provides. The People support defendant's contention, but assert the credits should be 1,017 days.

"Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

It appears in the abstract of judgment that the trial court clerk associated the 15-year sentences for the prior serious felony convictions (§ 667, subd. (a)) with the statutes for the various weapons enhancements. As a result, the weapons enhancement statutes are listed with 15-year sentences for the three (five year) prior serious felony convictions. For example, the abstract reflects the court imposed a 15-year sentence for the dangerous weapon enhancement (§ 12022, subd. (b)(1)), as opposed to the prior serious felonies (§ 667, subd. (a)). The trial court clerk needs to list both the prior serious felony conviction sentences (§ 667, subd (a)) and the weapons enhancement sentences, for each count, in the abstract of judgment.

For Count 2: There is a five-year sentence for the prior serious felony conviction (§ 667, subd. (a)), and a 10-year sentence for the firearm enhancement (§ 12022.5, subd. (a)).

For Count 4:  There is a five-year sentence for the prior serious felony conviction (§ 667, subd. (a)), and a one-year sentence for the weapon enhancement (§ 12022, subd. (b)(1)).

For Count 9:  There is a five-year sentence for the prior serious felony conviction (§ 667, subd. (a)), and a 10-year sentence for the firearm enhancement (§ 12022.5, subd. (a)).

The enhancements for Counts 5 and 8 are listed as stayed (without prison terms listed) in the abstract of judgment, and thus do not require correction.

In regard to credits, the abstract of judgment is blank.  The trial court said defendant had 885 days of credit for time served and 133 days of conduct credit (§ 2933, subd. (e)(1)[4]), which totals 1,018 days.  The minute order reflects defendant had 885 days of credit for time served and 132 days of conduct credit, which totals 1,017 days.

Under section 2933.1, a person convicted of a violent felony (§ 667.5, subd. (c)(8)) shall accrue no more than 15 percent conduct credit.  Fifteen percent of 885 days is 132.75 days.  Fractions must be rounded down.  (*People v. Ramos* (1996) 50 Cal.App.4th 810, 816.)  Thus, defendant has 132 days of conduct credit and 885 days of

---

[4] The trial court cited section 2933, subdivision (e)(1), when discussing conduct credits.  Subdivision (e)(1) appeared in a prior version of section 2933, which was effective only until September 30, 2011.  Defendant's earliest crime in this case was committed in December 2011.  Defendant was sentenced in November 2014.  Thus, the citation to subdivision (e)(1) appears to be an error.

credit for time served, which totals 1,017 days. We will direct the trial court to amend the abstract of judgment to reflect the foregoing credits.

## DISPOSITION

The second and third prior serious felony findings (§ 667, subd. (a)) are vacated, and the associated five-year prison terms are reversed. The parole revocation fine (§ 1202.45) is modified to $300.

The trial court is directed to:

(1)     Dismiss the second and third prior serious felony allegations (§ 667, subd. (a));

(2)     Decide whether to impose a one-year sentence for the prison prior (§ 667.5, subd. (b)); and

(3)     Issue an amended abstract of judgment reflecting

(i)     For Count 2, there is a five-year sentence for the prior serious felony conviction (§ 667, subd. (a)), and a 10-year sentence for the firearm enhancement (§ 12022.5, subd. (a));

(ii)     For Count 4, there is a five-year sentence for the prior serious felony conviction (§ 667, subd. (a)), and a one-year sentence for the weapon enhancement (§ 12022, subd. (b)(1));

(iii)     For Count 9, there is a five-year sentence for the prior serious felony conviction (§ 667, subd. (a)), and a 10-year sentence for the firearm enhancement (§ 12022.5, subd. (a));

13

(iv) Defendant has 132 days of conduct credit (§ 2933.1) and 885 days of credit for time served, which totals 1,017 days; and

(v) Any changes related to the trial court's ruling on the prison prior (§ 667.5, subd. (b)) issue.

The trial court is directed forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. (Pen. Code, §§ 1213, 1216.) In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

HOLLENHORST
Acting P. J.

CODRINGTON
J.

14