Filed 1/11/21  P. v. Mazink CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B306390 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA047937) |
| v. | |
| IEDON LEMOND MAZINK, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed as modified with directions.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Charles C. Ragland and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Iedon Lemond Mazink appeals from the superior court's order denying his motion for resentencing, contending his sentence is illegal because the trial court imposed two five-year enhancements under Penal Code section 667, subdivision (a)(1),[1] for two prior serious felony convictions that were not brought and tried separately. We agree (as do the People) with Mazink's contention, modify his sentence, and affirm the order as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Trial Court Sentences Mazink in 2001*

In March 2001 the People charged Mazink with battery inflicting serious bodily injury and mayhem. The People also alleged Mazink had two prior convictions for willfully and lewdly committing a lewd or lascivious act on a child under the age of 14 years, in violation of section 288, subdivision (a), that were serious felonies within the meaning of section 667, subdivision (a)(1), and serious or violent felonies within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The People also alleged that the two offenses under section 288, subdivision (a), were charged as separate counts in Los Angeles County Superior Court case number NA023830, that on March 29, 1995 Mazink was convicted on both counts, and that he served a prior prison term for those offenses, within the meaning of section 667.5, subdivision (b).

In May 2001 a jury found Mazink guilty of battery and mayhem, and he admitted the allegations. The trial court

---

[1]     Undesignated statutory references are to the Penal Code.

2

sentenced Mazink to a prison term of 36 years to life, consisting of 25 years to life under the three strikes law, plus two five-year terms under section 667, subdivision (a)(1) (one for each prior serious felony conviction), and a one-year enhancement under section 667.5, subdivision (b), for the prior prison term.[2]  Mazink appealed, and this court affirmed.  (*People v. Mazink* (Apr. 23, 2002, B151590) [nonpub. opn.].)

B.     *Mazink Moves To Modify His Sentence in 2020*

In May 2020 Mazink filed a motion "for modification of sentence," arguing, among other things, the imposition of the two five-year enhancements "constitute[d] an illegal sentence." Mazink argued the trial court could only impose one five-year enhancement under section 667, subdivision (a)(1), because the prior convictions "arose from the same case."  The superior court denied the motion for "lack of cause," ruling Mazink was "properly sentenced to two 5-year priors per" section 667, subdivision (a)(1), because the "two state prison commitments arose from [case number] NA023830 for two convictions of" violating section 288, subdivision (a).  Mazink timely appealed.

---

[2]     The trial court imposed and stayed under section 654 execution of the sentence on the mayhem conviction.

3

## DISCUSSION

Mazink argues that, because the two prior serious felony convictions were not brought and tried separately, the "imposition of two five-year enhancements resulted in an illegal sentence."[3]  He is correct.

Section 667, subdivision (a)(1), provides that "'any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately.'" (*People v. Sasser* (2015) 61 Cal.4th 1, 9-10; see *People v. Zamora* (2019) 35 Cal.App.5th 200, 206 ["'"brought and tried separately"' means 'that the underlying proceedings must have been formally distinct, from filing to adjudication of

---

[3]  Mazink does not challenge the one-year enhancement under section 667.5, subdivision (b), which currently provides "the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (See Welf. & Inst. Code, § 6600.1 ["If the victim of an underlying offense that is specified in subdivision (b) of Section 6600 [of the Welfare and Institutions Code] is a child under the age of 14, the offense shall constitute a 'sexually violent offense' for purposes of Section 6600."]; *People v. Fraser* (2006) 138 Cal.App.4th 1430, 1443 ["where the victim is a child under [the] age of 14, a showing of force or duress is not required"]; *People v. Ruiz* (1996) 44 Cal.App.4th 1653, 1667, 1671 ["a trial court may properly impose a five-year enhancement pursuant to section 667, subdivision (a), and a one-year enhancement pursuant to section 667.5, subdivision (b)," where the enhancements are imposed on different offenses].)

guilt'"].)  Therefore, where the People bring and try the prior serious felonies "together under the same case number," and the felonies are "adjudicated in the same proceeding" (*People v. Jones* (2015) 236 Cal.App.4th 1411, 1415), the court may not impose multiple sentence enhancements under section 667, subdivision (a)(1), for those convictions, and doing so results in an unauthorized sentence.  We review for substantial evidence the superior court's finding the prior convictions were brought and tried separately.  (See *People v. Wiley* (1995) 9 Cal.4th 580, 592.)

Mazink argues, the People concede, and we agree the two prior offenses under section 288, subdivision (a), were not brought and tried separately.  To the contrary, they were charged together (as separate counts) under a single case number, and both counts were adjudicated on the same day.  Because they were not "'formally distinct, from filing to adjudication'" (*People v. Zamora*, *supra*, 35 Cal.App.5th at p. 206), one of the five-year enhancements must be stricken.  (See *People v. Sanders* (2012) 55 Cal.4th 731, 743, fn. 13 ["it is well established that the appellate court can correct a legal error resulting in an unauthorized sentence . . . at any time"]; *People v. Picklesimer* (2010) 48 Cal.4th 330, 338 [trial court has jurisdiction to correct an unauthorized sentence at any time].)

## DISPOSITION

Mazink's sentence is modified to include only one five-year sentence enhancement under section 667, subdivision (a)(1).  As modified, Mazink's sentence is affirmed.  The superior court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.