Filed 1/14/21  P. v. Adams CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B301452 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA477763) |
| v. | |
| AARON BARBO ADAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Affirmed as modified.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

A jury found Aaron Barbo Adams guilty of battery with serious bodily injury. He contends there was insufficient evidence he inflicted serious bodily injury. We reject that contention, but we strike an enhancement that was improperly imposed and stayed.

## BACKGROUND

In 2019, the victim was living at a sober living facility with others, including Adams. One evening, the victim was smoking outside with a friend. Adams was also there, and he challenged the victim to a fight. When the victim refused, Adams hit him on the head with a tin can. The victim bled a good amount from a four-centimeter laceration that the victim's friend described as a "big . . . gouge." The facility manager washed the wound, but because it would not stop bleeding, the victim went to the hospital. Before getting to the hospital, the bleeding stopped for a few minutes but started again at the hospital. The victim was in pain for about half an hour to an hour. The wound required three staples, which were removed after one week. He did not take any pain medication. He received medical treatment for five minutes although he was at the hospital for about two hours.

A jury found Adams guilty of battery with serious bodily injury (Pen. Code,[1] § 243, subd. (d)). On September 19, 2019, the trial court sentenced Adams to three years in prison.[2] The trial court stayed an enhancement under section 12022, subdivision (b)(1).

---

[1] All further statutory references are to the Penal Code.

[2] The trial court also sentenced Adams to a concurrent term for a probation violation that was heard with the trial.

## DISCUSSION

I.    Sufficiency of evidence of battery with serious bodily injury

Adams challenges his conviction on the ground there is insufficient evidence of serious bodily injury.  We disagree.

" 'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence.  [Citation.]  If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.' " (*People v. Covarrubias* (2016) 1 Cal.5th 838, 890.)

Battery is any willful and unlawful use of force or violence on another.  (§ 242.)  " 'Serious bodily injury' " is a serious impairment of physical condition, including, but not limited to, loss of consciousness, concussion, bone fracture, protracted loss or impairment of function of any bodily member or organ, a wound requiring extensive suturing, and serious disfigurement.  (§ 243, subd. (f)(4).)

Adams acknowledges the plain language of the statute—i.e., its reference to extensive suturing—but argues that a wound requiring just three staples and minimal medical treatment is merely a superficial one that does not amount to serious bodily injury.  The authority is to the contrary.  In *People v. Belton* (2008) 168 Cal.App.4th 432, 436, 440, the defendant beat the

victim, breaking her tooth and requiring her to get sutures above her eyebrow and two sutures on her mouth.  Taken together, this constituted serious bodily injury.  In *People v. Flores* (2013) 216 Cal.App.4th 251, 262, the defendant's dog bit the victim, causing extensive bleeding and two puncture wounds requiring four sutures.  The court dismissed the notion that the wound was not serious because four sutures was not extensive.  Rather, a doctor testified that the number of sutures was discretionary, so he used fewer sutures due to the concern of infection, given the depth of the wound and its source.  (*Ibid.*; accord, *People v. Hale* (1999) 75 Cal.App.4th 94, 108 [broken teeth, split lip, and cut under eye].)

While we do not have similar evidence here to explain why three staples were used for the victim's wound, *Flores* and *Belton* show that someone who has received just a few sutures or staples can still have suffered serious bodily injury.  In addition to the staples, the victim testified that he was in pain, the wound bled so much that it ran down his face and arm, and the wound required a trip to the emergency room.  Although Adams tries to minimize the totality of this evidence, a " ' "fine line can divide an injury from being significant or substantial from an injury that does not quite meet the description." ' [Citations.]  Where to draw that line is for the jury to decide." (*People v. Cross* (2008) 45 Cal.4th 58, 64.)  We cannot say the jury here crossed that line.  The evidence was sufficient to support the finding of serious bodily injury.

II.    Deadly weapon enhancement

Although the information alleged that Adams used a deadly and dangerous weapon in the commission of the offense under section 12022, subdivision (b)(1)), the allegation was not

submitted to the jury.  Aware of this, the trial court said it would not impose the enhancement and instead would stay it. However, a stayed sentence is one that has first been imposed. (See *People v. Jones* (2015) 236 Cal.App.4th 1411, 1416.) No sentence, not even a stayed one, should have been declared on the enhancement.  The enhancement must be stricken.

## DISPOSITION

The one-year enhancement under Penal Code section 12022, subdivision (b)(1) is stricken.  The trial court is directed to modify the abstract of judgment and to forward the modified abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.

NOT TO BE PUBLISHED.


DHANIDINA, J.


We concur:



EDMON, P. J.



EGERTON, J.

5