[No. C013658. Third Dist. Jan. 3, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
CLIFFORD WILLIAM WAGNER, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of section 2 of the Discussion.

## COUNSEL

Landra E. Rosenthal, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DAVIS, J.**—Penal Code section 667 (hereafter, section 667) states in part that ". . . any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." In the published portion of this opinion we revisit the issue of how the phrase "on charges brought and tried separately" in section 667 applies to plea adjudications encompassing multiple offenses, an issue we examined in *People v. Deay* (1987) 194 Cal.App.3d 280 [239 Cal.Rptr. 406]. Since *Deay* was·decided we have witnessed the appearance of one California Supreme Court decision—*In re Harris* (1989) 49 Cal.3d 131 [260 Cal.Rptr. 288, 775 P.2d 1057]—and several Court of Appeal decisions from other districts. In light of these decisions, we conclude that the "temporal separateness" principle noted in *Deay* is simply a factor to consider in determining whether prior offenses were adjudicated in proceedings that were "formally distinct" as required by *In re Harris*.

In the unpublished portion of this opinion, we conclude that California Supreme Court precedent forecloses us from substantively considering defendant's contention that the trial court erred in instructing the jury with CALJIC No. 2.90, which defines reasonable doubt in terms of "moral certainty."

### BACKGROUND

A jury convicted defendant of attempted first degree burglary for which he received a one-year sentence. Pursuant to section 667, the trial court also imposed three consecutive five-year "enhancements" for the defendant's three prior first degree burglary convictions. The total sentence was 16 years.

To prove defendant's three prior first degree burglary convictions, the prosecution offered certified copies of pertinent court documents. One conviction was from 1987, and two were from 1988. The two 1988 convictions

are at issue here. The court documents regarding the two 1988 convictions showed that the convictions were for separate burglaries committed three weeks apart, on February 24 and March 16, 1988. These two burglaries were charged in separate felony complaints, numbered 88F01897 and 88F02058. In one proceeding in municipal court, defendant entered a negotiated plea of guilty to each complaint. At this proceeding defendant's attorney noted that defendant was "prepared to enter pleas of guilty to both complaints with the understanding that he would be promised no more than the midterm of four years as to one complaint, and one-third of the middle term as to the second complaint, so his maximum exposure would be five years and four months." Throughout this plea proceeding, the magistrate distinguished between the two cases and repeatedly referred to them as "both cases." The factual basis supporting each guilty plea was independently set out prior to the acceptance of the pleas. Defendant was given one constitutional admonishment. When the clerk of the court inquired which sentence went with which complaint, defense counsel remarked it "doesn't matter," but the clerk noted it was necessary to specify. After accepting the pleas, the magistrate certified each case to the superior court, and the cases were respectively numbered 83797 and 83798.

In the superior court, defendant was sentenced separately on each case under its respective number. The judge noted that the two burglaries "were separate objectives on separate occasions," and sentenced them consecutively in line with the plea agreement. Separate custody credits were awarded and separate restitution fines were imposed in the two cases.

On appeal, defendant contends his two 1988 burglary convictions were not "brought and tried separately" as required by section 667 since they arose from complaints adjudicated in a single plea agreement. Therefore, defendant argues, one of the five-year enhancements based on these convictions must be stricken. For the reasons that follow, we disagree.

## DISCUSSION

### 1. *The Section 667 Enhancements*

 ██ The pivotal issue on appeal is whether defendant's two 1988 burglary convictions—which were distinctively adjudicated by plea at the same time based upon separate complaints—were "brought and tried

separately" for purposes of imposing two enhancements under section 667.[2] Defendant's appeal requires this court to revisit its decision in *People* v. *Deay, supra*, 194 Cal.App.3d 280, in light of the subsequent California Supreme Court decision, *In re Harris, supra*, 49 Cal.3d 131, and more recent Court of Appeal opinions interpreting these two decisions.

In *Deay* this court held that the defendant was improperly given two 5-year sentence enhancements under section 667 since the defendant's two prior convictions were not "brought and tried separately" as required by that section. In *Deay* the defendant's two prior convictions arose from "two counts" contained in one accusatory pleading to which the defendant had pled guilty in one proceeding. We held that the phrase "brought and tried separately" does not apply where the multiple convictions are based on several counts of a single accusatory pleading. (194 Cal.3d at pp. 286-289.) In a footnote which has received considerable attention, we noted that although "separate case numbers may be evidence that multiple priors were brought separately, we reject any suggestion that, despite the fact the defendant pled guilty to both priors at the same time they may be deemed to have been tried separately simply because of the fortuity of their bearing different case numbers." (*Id.* at p. 290, fn. 6.) We then added: "In our view, and consistent with its purpose, section 667 contemplates temporal rather than administrative separateness." (*Ibid.*)

Just weeks before *Deay* was decided, the Fifth District in *People* v. *Harris* (1987) 192 Cal.App.3d 1197 [238 Cal.Rptr. 31], confronted a similar claim. In *Harris*, the defendant challenged the trial court's imposition of two 5-year enhancements under section 667, arguing that his two prior convictions were by plea at the same hearing and he was sentenced concurrently for those crimes. (192 Cal.App.3d at p. 1199.) The appellate court rejected Harris's claim, reasoning that his prior convictions were based on two separate incidents under two separate case numbers. (*Id.* at p. 1202.) Additionally, the appellate court noted the trial court's finding that Harris had been "tried separately" when he pled guilty to "each different robbery case," although these pleas were taken in one hearing. (*Ibid.*) Finally, the appellate court noted that there was no evidence the cases had been consolidated or tried together, and stated that the trial court's finding could not be overcome by the mere fact that the pleas were taken at the same time and the sentences were imposed on the same day. After new facts emerged, however, concerning the separateness of Harris's prior conviction proceedings, the California Supreme Court, in *In re Harris, supra*, 49 Cal.3d 131, granted his petition for a writ of habeas corpus.

---

[2] There is " 'no distinction between an adjudication of guilt based on a plea of guilt and that predicated on a trial on the merits.' " (*In re Harris, supra*, 49 Cal.3d at p. 135, quoting *People* v. *Ebner* (1966) 64 Cal.2d 297, 304 [49 Cal.Rptr. 690, 411 P.2d 578].)

The *In re Harris* court held that Harris had been improperly given two 5-year sentence enhancements under section 667, because the new evidence showed that his two prior convictions had originated in a single complaint in municipal court followed by a single preliminary hearing. ▮ The court held that to support sentence enhancements under section 667, ". . . the underlying proceedings must have been formally distinct, from filing to adjudication of guilt. Here, as the record plainly reveals, the charges in question were not 'brought . . . separately,' but were made in a single complaint." (49 Cal.3d at p. 136.) The Supreme Court in *In re Harris* failed to mention *Deay*, but noted the issue facing and the conclusion reached by the court in *People* v. *Harris, supra*, 192 Cal.App.3d 1197.

▮ Appellate court decisions subsequent to *Deay* and *In re Harris* have interpreted the phrase "on charges brought and tried separately" as requiring separate charging documents but not requiring that guilty pleas be entered on separate days or that there be separate sentencing proceedings.

In *People* v. *Thomas* (1990) 219 Cal.App.3d 134 [267 Cal.Rptr. 908], the trial court imposed two 5-year sentence enhancements under section 667 based on the defendant's two prior convictions which arose from two separate felony complaints followed by two separate informations. The Fourth District affirmed even though the defendant had pled guilty to these charges on the same day pursuant to a plea bargain, and was sentenced on these guilty pleas on another day in the same sentencing proceedings. (219 Cal.App.3d at pp. 145-147.) The court noted that in one of the prior cases, a jury had already been selected and sworn before the case was continued to allow plea bargaining. (*Id.* at pp. 146-147.) The mere fact that the defendant thereafter pled guilty, on the same day to separate offenses, did not mean that the cases were not separately "brought and tried." (*Ibid.*) The Fourth District concluded that the same date for accepting the pleas in these nonconsolidated cases, "is of no significance for purposes of section 667." (*Id.* at p. 147, citing *People* v. *Lewis* (1987) 191 Cal.App.3d 1288, 1301 [237 Cal.Rptr. 64] [" 'separately brought and tried' limitation of section 667, subdivision (a), does not bar multiple enhancements where convictions are based on unrelated counts of different accusatory pleadings."].)

The *Thomas* court distinguished *Deay* on the grounds that in *Deay* the defendant's prior convictions were adjudicated in one accusatory pleading containing two counts: "This factor distinguishes *Deay* from Thomas's case where separate accusatory pleadings were adjudicated." (219 Cal.App.3d at p. 147.)

The *Thomas* court also found it "noteworthy" that the California Supreme Court in *In re Harris* did not criticize the Court of Appeal's holding in

*People* v. *Harris,* a holding the *Thomas* court characterized as follows: "[W]here the record shows more than one proceeding was separately initiated and not consolidated . . . the fact the defendant pled guilty in the cases at the same time and was sentenced on the same day cannot overcome a finding the cases were tried separately." (219 Cal.App.3d at p. 147, citing *People* v. *Harris, supra,* 192 Cal.App.3d at p. 1202.)

In *People* v. *Gonzales* (1990) 220 Cal.App.3d 134 [269 Cal.Rptr. 221] the defendant, in one hearing, pled guilty to separate complaints alleging separate offenses. The *Gonzales* court considered *In re Harris*'s requirement of "formally distinct criminal proceedings" and our footnote in *Deay* suggesting "temporal separateness." (220 Cal.App.3d at p. 140.) After noting that both *In re Harris* and *Deay* involved prosecutions initiated by a single charging document, the *Gonzales* court concluded, based on the "totality of the circumstances," that Gonzales's charges were brought and tried separately. (*Ibid.*) These circumstances included: "[Gonzales's] priors originated in separate charging documents. The charges were unrelated; the incidents occurred at different times and places. . . . [¶] . . . Up to the day of [the plea hearing], separate counsel represented [Gonzales] in the two cases. . . . The magistrate[] carefully specif[ied] case numbers in each instance, took the pleas and certified the cases to the superior court. Still with separate case numbers, that court imposed separate sentences. . . . [¶] . . . [T]he cases were never consolidated. They remained formally distinct from their inception through sentencing." (*Id.* at pp. 140, 142, 144.)

As part of its analysis, the Sixth District in *Gonzales* noted that ". . . although the guilty pleas and the imposition of sentence were contemporaneous, we do not believe that temporal togetherness alone is sufficient to defeat the demonstrated intention of the parties and the court. The fact that both cases were called for hearing in municipal court on the same day is not evidence of a motion or grant of consolidation. Rather, it is a product of the practical realities of an overburdened criminal court system." (220 Cal.App.3d at p. 140.) The *Gonzales* court specifically rejected the argument that hearing more than one case per day per defendant results in "de facto consolidation." The court reasoned that "[i]t would neither benefit the public nor a defendant to require hearings on separate days for each case involved so as not to effect a 'de facto' consolidation of cases. On the contrary, the public would be justly incensed by an increased number of criminal cases clogging court calendars while civil cases languish unheard; by the uncertain status of victims, waiting longer to be called or released as witnesses; [and] by the expense of additional court personnel, courtrooms, deputy district attorneys and defense counsel to handle repetitious, but 'temporally separate,' hearings . . . ." (*Id.* at pp. 140-141.)

Finally, the court in *Gonzales* looked to expressions of public policy. The court noted that the Legislature and the voters of California have declared that ". . . the purpose of imprisonment for crime is punishment." (220 Cal.App.3d at p. 141.) The court noted that "[i]ncreased penalties for recidivists exist because 'an offender undeterred by his *prior brushes with the law* deserves more severe criminal treatment. . . .' (*Ibid.*, italics in original, citing *People* v. *Rojas* (1988) 206 Cal.App.3d 795, 798 [253 Cal.Rptr. 786]; see *People* v. *Jones* (1993) 5 Cal.4th 1142, 1147 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) And the court noted that the Legislature enacted subdivision (b) of Penal Code section 1385 " 'to abrogate the holding in People v. Fritz, [(1985)] 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833], and to restrict the authority of the trial court to strike prior convictions of serious felonies when imposing an enhancement under Section 667 of the Penal Code.' " (220 Cal.App.3d at p. 142.)

The recent Fourth District case of *People* v. *Smith* (1992) 7 Cal.App.4th 1184 [9 Cal.Rptr.2d 491], has continued these themes in dealing directly with the language in *Deay* that ". . . section 667 contemplates temporal rather than administrative separateness." (*Id.*, at p. 1192.) Initially, the *Smith* court noted that since *Deay* involved "two *counts* of a *single* felony complaint to which defendant entered a guilty plea in one proceeding on the same date, it is factually dissimilar to Smith's case where separate accusatory pleadings were adjudicated." (*Id.* at p. 1192, italics in original.) But the court also reasoned that in light of the "formally distinct" test set forth in *In re Harris*, contrary to the "temporal separateness" statement in *Deay*, ". . . we are of the view that separately filed cases involving separate crimes can be adjudicated on the same date under their separate case numbers and still be considered to have been both 'brought and tried separately' within the meaning of section 667. This construction of the statute and *In re Harris*, rather than *Deay*'s construction, advances the purpose of the statute to deter recidivism." (*Id.* at p. 1193.)[3]

Indeed there is some conflict between interpretations of our "temporal separateness" statement in *Deay* and *In re Harris*'s "formally distinct" requirement. The *Thomas* and *Gonzales* courts went to great lengths to overcome the interpretation that the "temporal separateness" principle set forth in *Deay* requires that a defendant, in plea adjudication proceedings, be

---

[3](See also *People* v. *Williams* (1990) 220 Cal.App.3d 1165 [269 Cal.Rptr. 705] [defendant improperly given two 5-year sentence enhancements since two prior convictions were not brought separately, but were made in a single complaint]; *People* v. *Bizieff* (1990) 226 Cal.App.3d 130 [276 Cal.Rptr. 235] [defendant's equal protection rights were not violated by imposition of two sentence enhancements under section 667, based on two prior felony convictions, even though charges in both prior proceedings could have been brought and tried together, which would have resulted in only one section 667 enhancement].)

tried in separate proceedings on separate days. The *Smith* court was not as charitable.

In *Deay*, we considered only whether two counts of a single accusatory pleading, to which a defendant had pled guilty in one proceeding, could be used for two enhancements under section 667; we held they could not. In a footnote we also noted that while separate case numbers may be evidence that multiple priors were brought separately, this factor alone, which may be one of simple administrative fortuity, would not be conclusive as to whether the offenses were tried separately under section 667. It was in this context that we noted that section 667 contemplates temporal rather than administrative separateness. This footnote language in *Deay*, in light of *In re Harris*, should not be read to *require* that multiple offenses resolved by plea be adjudicated in separate proceedings at separate times to qualify as separately tried under section 667. Different case numbers or separate proceedings are merely factors which may be considered in determining whether prior convictions satisfy section 667 under the "formally distinct" test of *In re Harris*. (See *People* v. *Gonzales, supra*, 220 Cal.App.3d at pp. 140-144 [applying a "totality of the circumstances" analysis to *In re Harris*'s "formally distinct" requirement].)

That brings us to the practical matter at hand. The defendant's two prior convictions at issue involved unrelated separate criminal incidents and originated in separate complaints. As part of defendant's plea agreement, the complaints retained their separate character and defendant entered a separate plea on each complaint. A distinction was made between the two cases throughout both the plea hearing and the sentencing hearing. Defendant was sentenced separately for each offense—in fact, different custody credits were awarded and different restitution fines were imposed for each offense. There is no evidence that a formal consolidation was ever sought. These facts are quite similar to those in *Gonzales*. (220 Cal.App.3d at pp. 139-140, 142.) The mere fact that defendant, pursuant to a plea agreement, entered pleas to both offenses in one proceeding, and was later sentenced for both offenses in another proceeding, does not overcome the conclusion, based on the facts just noted, that these offenses were "brought and tried separately" for section 667 purposes. The underlying proceedings resulting in these convictions were formally distinct, from filing to adjudication of guilt. (*In re Harris*, *supra*, 49 Cal.3d at p. 136.) Accordingly, defendant's three 5-year enhancements were properly imposed.[4]

---

[4]While the dissent raises some legitimate questions, it fails to account adequately for the realities of the contemporary criminal justice system and a procedure central to that system and this case: the plea bargain encompassing multiple offenses. (See *People* v. *Gonzales,*

### 2. The "Moral Certainty" Instruction*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Raye, J., concurred.

**BLEASE, Acting P. J.**—I dissent.

I disagree with the majority's conclusion that defendant was properly convicted of *two* prior serious felonies on the theory that they were "separately charged" *and* "separately tried" by virtue of the singular fact that the cases were "formally" treated as two cases notwithstanding that the pleas to both offenses were jointly taken and defendant was sentenced in single proceedings. The majority have thereby transmuted the two required elements of the enhancement into one.

I

Defendant was separately charged with two burglaries which occurred three weeks apart. The pleas to both offenses were taken, both singly and jointly, in a *single proceeding* pursuant to a single plea bargain. The plea bargain provides: "Mr. Wagner [defendant] is prepared to enter pleas of guilty to both Complaints with the understanding that he would be promised no more than the midterm of four years as to one complaint, and one-third of the middle term as to the second complaint, so his maximum exposure would be five years and four months." Additionally, it was made a condition of the bargain that "any time he receives on the violation of probation would run

*supra*, 220 Cal.App.3d at pp. 140-142.) The fundamental issue is what does the section 667 phrase "tried separately" mean in this plea bargain context, where there is no "trial" as that term is commonly used. An adjudication of guilt based on a guilty plea and that based on a trial on the merits both count as a prior conviction for enhancement purposes. (See *In re Harris, supra*, 49 Cal.3d at p. 135.) So long as the proceedings comprising that bargain are individualized in the manner evident here, the requirements of section 667 and the "formally distinct" test of *In re Harris* are satisfied. The formal distinction maintained throughout the proceedings in this case from charging to adjudication of guilt to sentencing furthers the defendant's interest in being informed about and presented with the cases against him and furthers the public's interest in punishing defendant and deterring recidivism. Nothing would be gained, and a lot of public confidence might be lost, by requiring that a court take a brief recess between considering each offense in the multiple offense-plea bargain context simply to create some "temporal" separation in otherwise functionally separate proceedings.

*See footnote 1, *ante*, page 729.

concurrent with this sentence; and, additionally, that the People will recommend that Mr. Wagner be housed at the Youth Authority . . . ."

Next, although defendant was explained the charges as to each complaint and pled guilty to each complaint, the waiver of specific rights was jointly done as to both charged offenses. Thus, for example:

"MAGISTRATE: Sir, as to both counts in both Complaints are you pleading freely and voluntarily?

"THE DEFENDANT: YES.

"MAGISTRATE: And are you doing so on both cases with advice of your counsel?

"THE DEFENDANT: YES.

". . . . . . . . . . . . . . . . . . . . . . . . .

"MAGISTRATE: And in both cases are you pleading guilty because you are in fact guilty of both offenses?

"THE DEFENDANT: YES.

". . . . . . . . . . . . . . . . . . . . . . . . .

"MAGISTRATE: I find there is a factual basis for both pleas in this case. I further find that both pleas were made and all waivers were made knowingly, intelligently, and voluntarily. I accept and approve the plea and conditions previously stated."

In addition the defendant was jointly sentenced for both offenses in a single proceeding.

## II

Penal Code section 667 requires that each prior serious felony arise "on charges brought and tried separately." That makes for two distinct elements. *In re Harris* (1989) 49 Cal.3d 131 [260 Cal.Rptr. 288, 775 P.2d 1057], upon which the majority rely, says that this phrase "is similar to language contained in former section 644 [upon charges separately brought and tried], a habitual criminal statute . . . ." (*Id.* at p. 135.) It views the language of section 667 as "virtually identical to that which appeared in former section 644 . . . ." (49 Cal.3d at p. 136.) For that reason, it says: " ' " 'the presumption is almost irresistible' " that the terms have been used " 'in the precise

and technical sense which had been placed upon them by the courts.'"'" (*Ibid.*) It quotes with approval the test applied to Penal Code section 644 taken from *People* v. *Ebner* (1966) 64 Cal.2d 297, 304 [49 Cal.Rptr. 690, 411 P.2d 578], in which, as *Harris* notes, the "court construed the phrase [in former section 644] to 'signif[y] that . . . *prior felony proceedings must be totally separate,* not only during proceedings before trial but also as to those leading to the ultimate adjudication of guilt.'" (*In re Harris, supra,* 49 Cal.3d at p. 135, italics added.)

*Ebner* there referred to the meaning of "tried separately." *Ebner* says: "The term 'tried,' as used in the context of the statutory phrase, 'charges separately brought and tried,' signifies that the two prior felony proceedings must be totally separate, not only during proceedings before trial but also as to those leading to the ultimate adjudication of guilt." (64 Cal.2d at p. 304.) *In re Harris* also points out, again relying upon *Ebner,* that ". . . there is 'no distinction between an adjudication of guilt based on a plea of guilt and that predicated on a trial on the merits.'" (49 Cal.3d at p. 135.)

Putting these principles together, prior offenses are not "*tried* separately" unless inter alia the "ultimate adjudication of guilt"—in this case the pleas— are made in "felony proceedings [that are] *totally separate*" including all those "leading to the ultimate adjudication of guilt." (Italics added.) If that were not the case, the sole measure of separability would be the actions taken on the "formal" pleadings—the charges—eliminating thereby the distinct requirement that the offenses be "tried separately." Put another way, the term "tried separately" would have no meaning if the sole measure were the "formal" distinctness of two parts of a single proceeding, viewed as emanating from separate charging documents.

Yet, that is what the opinion in this case comes down to. It says: "The underlying proceedings resulting in these convictions were formally distinct, from filing to adjudication of guilt." (Maj. opn., *ante,* at p. 737.) It further says: "The defendant's two prior convictions . . . originated in separate complaints. As part of defendant's plea agreement, the complaints retained their separate character and defendant entered a separate plea on each complaint. A distinction was made between the two cases throughout both the plea hearing and the sentencing hearing. Defendant was sentenced separately for each offense . . . ." (*Ibid.*)

If this case had resulted in a consolidated joint trial on the merits, predicated upon separate pleadings, it could not be said that the defendant was "tried separately." Since the pleas are equivalent to a trial their taking in a joint proceeding is the equivalent of a joint trial on the merits for purposes

of Penal Code section 667. The fact that ordinarily no formal mechanism is invoked for the consolidation of the proceedings for the taking of joint pleas, as distinguished from joint trials, is a distinction without a difference. If the majority opinion is allowed to stand, defense counsel would be well advised to seek the formal consolidation of cases separately pled preliminary to the taking of joint pleas.

The majority opinion goes wrong in reading the "formally distinct" language in *In re Harris* (49 Cal.3d at p. 136) as bearing on the meaning of "separately tried." In *Harris* the two candidate convictions resulted from charges that had been initiated through the filing of a single complaint in the municipal court, which were thereafter prosecuted in the superior court under separate informations to which separate guilty pleas were entered. The court concluded that ". . . as the record plainly reveals, the *charges* in question were not 'brought . . . separately,' but were made in a single complaint." (*Ibid.*, italics added.) Thus, when the court says that the "convictions must have been made in proceedings that were formally distinct" (p. 133), it is referring to but one of two elements of Penal Code section 667. The "formally distinct" test is obviously appropriate to the question whether the "charges" were separately brought but not to the wholly different question whether the charges, however brought, were "separately tried." On the latter point, the test is appropriately that advanced in *Ebner*, whether the entire "felony proceedings . . . leading to the ultimate adjudication of guilt" are "totally separate."

*In re Harris*, which arose on habeas corpus, notably did not adopt the analysis advanced by the court which considered the same case on appeal. (*People* v. *Harris* (1987) 192 Cal.App.3d 1197.) *People* v. *Harris*, on facts much like those here, held that the defendant was not tried separately for the reason that "[t]here is no evidence . . . that the cases were consolidated prior to the defendant's plea. Although the pleas were taken at the same time and the defendant was sentenced on the same day, these facts alone cannot overcome the sentencing judge's finding that the two cases were tried separately." (*Id.* at p. 1202.)

*People* v. *Harris* rejected the idea, central to *In re Harris*, that Penal Code section 667 uses a phrase that is "virtually identical" to that in former section 644 and " 'that [its] terms have been used " 'in the precise and technical sense which had been placed upon them by the courts.' " ' " (*In re Harris*, *supra*, 49 Cal.3d at p. 136.) *People* v. *Harris*, to the contrary, emphasized that ". . . section 667 . . . is worded differently from old section 644." (192 Cal.App.3d at p. 1202.)

For that reason no doubt *People* v. *Harris* did not, as *In re Harris* does, rely upon the rule of *People* v. *Ebner, supra,* a case interpreting Penal Code section 644, that to be "tried separately" the " '. . . prior felony proceedings must be *totally separate* . . . as to [all] those leading to the ultimate adjudication of guilt.' " (49 Cal.3d at p. 135, italics added.)

The proceedings in this case were manifestly not "totally separate."

I would reverse the determination that the defendant's sentence may be enhanced for two prior serious felony convictions under Penal Code section 667.

Appellant's petition for review by the Supreme Court was denied April 13, 1994. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.