Filed 2/15/22  P. v. Valencia CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| THE PEOPLE, | C091120 |
| Plaintiff and Respondent, | (Super. Ct. No. CR61155) |
| v. | |
| HAURILIO SILVA VALENCIA, | |
| Defendant and Appellant. | |

A jury found defendant Haurilio Silva Valencia guilty of making criminal threats, theft by larceny, and resisting a peace officer.  In a bifurcated bench trial, the trial court found true the allegations that defendant suffered four prior serious felony convictions. Defendant now argues that the trial court erred in imposing consecutive five-year enhancement terms on all four prior convictions when the prosecution failed to prove that they were each separately tried and proven.  Defendant also argues that the trial court erred in denying his motion to strike his prior convictions under the Three Strikes law.

1

We agree with the Attorney General that two of the five-year enhancements must be vacated. As modified, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying the convictions are not relevant to the resolution of this appeal. It suffices to say that defendant had a confrontation with Guillermo G. Defendant took an electric grinder and landscaping shears from the back of Guillermo's truck without permission while threatening to beat up and kill Guillermo. After Guillermo fled, defendant turned over the landscaping shears to a worker at a nearby market before he walked home. Guillermo called 911 a few minutes after he drove away. When sheriff's deputies met defendant at his home, defendant was not cooperative. The officers arrested defendant, and when two officers attempted to take him to the squad car, defendant swept one officer's leg, causing all three of them to fall on top of one another.

The prosecution charged defendant with second degree robbery (Pen. Code § 211);[1] making criminal threats (§ 422, subd. (a)); and resisting an executive officer (§ 69). As to all three counts, the prosecution alleged that defendant suffered multiple prior strike convictions under the Three Strikes law. (§ 667, subd. (e)(1).) The prosecution also alleged that defendant suffered four prior serious felonies, each subject to a five-year enhancement. (§ 667, subd. (a)(1).)

The jury found defendant guilty of theft by larceny (§ 484, a lesser included offense to the robbery charge); criminal threats; and resisting, delaying, or obstructing a peace officer (§ 148, subd. (a), a lesser included offense to the resisting an executive officer charge). In a bifurcated bench trial, the trial court found true the allegations that defendant had four prior serious convictions and at least two prior strike convictions.

---

[1] Undesignated statutory references are to the Penal Code.

2

The trial court denied defendant's motion to strike his prior strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The trial court sentenced defendant to 25 years to life for making criminal threats, a concurrent sentence of six months for the theft by larceny conviction, and a concurrent sentence of one year for the resisting a peace officer conviction. The trial court also sentenced defendant to four consecutive terms of five years for each prior serious conviction. The trial court imposed an aggregate sentence of 45 years to life.

DISCUSSION

I

*Five-Year Enhancements Under Section 667, Subdivision (a)*

Defendant contends, and the People agree, two of his five-year enhancements must be vacated. We accept the People's concession.

A.    *Additional background*

For purposes of section 667, subdivision (a), the prosecution alleged that defendant suffered prior strike convictions for robbery and attempted robbery in Colusa County Superior Court case No. CR49285 and two prior strike convictions for robbery in Yolo County Superior Court case No. 08-2768. At the bench trial on the prior convictions, the prosecutor introduced a certified copy of defendant's convictions in those two cases. In case No. CR49285, defendant was convicted of two counts of robbery and one count of attempted robbery. In case No. 08-2768, defendant was convicted of two counts of robbery. The sentences in case No. 08-2768 were imposed consecutively to those sentences imposed in case No. CR49285. No other case numbers are associated with the various charges. After reviewing these documents, the trial court found true the prior serious conviction allegations.

3

B.     *Analysis*

A sentence unauthorized by law may be addressed in the first instance on appeal where such legal error is " 'clear and correctable.' " (*People v. Scott* (1994) 9 Cal.4th 331, 354, citing *People v. Welch* (1993) 5 Cal.4th 228, 235-236.)

Section 667, subdivision (a)(1) provides that "[a] person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

The question whether prior convictions were brought and tried separately is a legal issue for the court to decide, not the jury.  (*People v. Wiley* (1995) 9 Cal.4th 580, 590.) Prior decisions of this court confirm that only those priors brought and tried separately qualify under the statute.  (See *People v. Wagner* (1994) 21 Cal.App.4th 729, 732-737 [clarifying what " 'brought and tried separately' " means in practice]; *People v. Deay* (1987) 194 Cal.App.3d 280, 286-290 [agreeing that one of two prior serious felony convictions had to be vacated because the two were not brought and tried separately]; *People v. Jones* (2015) 236 Cal.App.4th 1411, 1417 [the finding that two serious priors existed was erroneous because those priors were not brought and tried separately and the error cannot be cured by staying the execution of the enhancement].)  These holdings clarify that it is an element of the prior serious felony enhancement that the charges be "brought and tried separately" and where, as in this case, multiple serious felonies were proven in a single prior proceeding, the People cannot prove more than one such enhancement must be imposed per proceeding.

Here, the record demonstrates that defendant was convicted of prior serious felonies in two separately brought and tried proceedings, under two discrete case

4

numbers.  As a result, we conclude only two prior serious felony enhancement terms may be imposed—one per prior case—and that two of the five-year enhancement terms must be vacated.

II

*Denial of Defendant's* Romero *Motion*

Defendant contends the trial court abused its discretion in refusing to strike his prior serious felony convictions under the Three Strikes law when the trial court considered defendant's parole eligibility under Proposition 57, the Public Safety and Rehabilitation Act of 2016, based on defendant's future behavior in custody.  We disagree.

A.  *Additional background*

Before sentencing, defendant requested that the trial court strike two of his prior strike convictions under section 1385 and *Romero, supra*, 13 Cal.4th 497.  Defendant argued that the relevant priors were 11 years old and he did not deserve a life sentence under the facts of this case.  He instead asked for leniency in the form of felony probation with drug treatment.

In denying defendant's request, the trial court considered the nature of the circumstances of the present case, defendant's background and future prospects, defendant's character, and his assessed " 'high violent' " risk of reoffending.  The trial court found significant that defendant repeatedly committed robbery, was released from prison not long before the instant offense, and violated parole multiple times prior to the instant offense.  The trial court opined that defendant's claim that he was open to rehabilitation was contradicted by his "lifetime of crime."  The trial court went on to state that defendant has had repeated opportunities for help but defendant's current convictions demonstrate those programs have failed.  The trial court found "[t]his kind of repeated conduct is the entire spirit of the three strikes law."

5

Finally, the trial court noted that under Proposition 57, "the Department of Corrections [and Rehabilitation] has now adopted rules which would allow parole consideration to a nonviolent strike sentenced defendant. [¶] Whether the defendant accepts that help authorized when he is imprisoned or whether he continues on his current path is up to him. That future conduct will determine whether he serves the full sentence authorized by a strike. I find that to be more appropriate than simply allowing him in the programs to see if he further abuses citizens or conforms to the programs. [¶] In any event, he does have that opportunity. If he doesn't understand it, he should talk to his attorney in depth about it as his future will be determined by his conduct."

B.      *Analysis*

While the trial court has the power to dismiss a strike conviction under section 1385 (*Romero, supra*, 13 Cal.4th at pp. 529-530), an appellate court will not disturb the trial court's refusal to dismiss a strike absent an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) For example, an abuse of discretion occurs where the trial court was not " 'aware of its discretion' " to dismiss, or where the court considered impermissible factors in declining to dismiss, or where sentencing under the Three Strikes law, as a matter of law, produces an arbitrary, capricious or patently absurd result under the specific facts of a particular case. (*Carmony, supra*, at p. 378.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

In ruling whether to strike a prior strike conviction allegation under the Three Strikes law pursuant to section 1385, or in reviewing such a ruling, the court must consider whether, in light of the nature and circumstances of his present felonies and prior strike convictions, his background, character, and prospects, the defendant may be deemed outside the scheme's spirit such that he should be treated as though he had not previously been convicted of one or more strike convictions. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

6

The record establishes that the trial court considered the relevant factors established in *Williams*. Indeed, defendant does not contend otherwise. Rather, he claims that by making additional comments regarding Proposition 57's impact on defendant's sentence, the trial court relied on an improper factor and therefore abused its discretion in refusing to strike defendant's prior convictions. Defendant's failure to challenge these statements at the time of sentencing forfeited his ability to challenge them on appeal. (See *People v. Scott, supra*, 9 Cal.4th at p. 356 ["we hold that complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal"].) "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing." (*Id.* at p. 353.)

Even if the issue was not forfeited, we would find no abuse of discretion as we disagree with defendant's characterization of the trial court's comments. The trial court expressly found defendant to be within the spirit of the Three Strikes law and stated that it would not serve the interests of justice to remove him from that sentencing scheme. The trial court then encouraged defendant to take advantage of the rehabilitative programs in prison and reap any benefits from positive in-custody behavior, including potential benefits through Proposition 57, which may result in early parole consideration. Contrary to defendant's claims, the trial court's decision to decline the invitation to strike defendant's prior strike convictions was not predicated on defendant's ability to obtain early parole consideration under Proposition 57. Rather, the trial court's comments were made after it ruled it would not strike the prior convictions and were appropriate statements of encouragement to defendant regarding his efforts at rehabilitation.

## DISPOSITION

Two of the five-year enhancement terms imposed under section 667, subdivision (a) are hereby vacated. The trial court is directed to prepare an amended abstract of

7

judgment consistent with this opinion and to deliver a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

       KRAUSE       , J.

We concur:

      RAYE        , P. J.

      HULL        , J.