Filed 10/7/25  P. v. Herrera CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

FERNANDO C. HERRERA,

    Defendant and Appellant.

E084130

(Super.Ct.No. RIF1603112)

OPINION

APPEAL from the Superior Court of Riverside County.  Walter H. Kubelun, Judge.  Remanded with instructions.

Heather Monasky, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Defendant and appellant Fernando C. Herrera appeals from the trial court's resentencing order pursuant to Penal Code[1] section 1172.1. On appeal, defendant contends (1) the resentencing court erred by imposing sentence on two of the prior serious felony conviction enhancements because they were not brought and tried separately as required under section 667, subdivision (a)(1); and (2) the abstract of judgment and minute order of the resentencing hearing should be amended to reflect defendant's actual credits on the date of resentencing. We remand the matter with instructions to the trial court.

# II.

## PROCEDURAL BACKGROUND[2]

On January 23, 2017, defendant pled guilty to five counts of robbery (§ 211; counts 1-5). In addition, defendant admitted he had suffered four prior serious felony convictions (§ 667, subd. (a)) and one prior strike conviction (§§ 667, subd. (c) & (e)(2)(A) and 1170.12, subd. (c)(2)).

On February 3, 2017, the trial court sentenced defendant to 38 years in state prison as follows: the upper term of five years on count 1, doubled to 10 years for the prior strike enhancement, plus two years on each of the remaining counts 2 through 5 (one-

---

[1] All future statutory references are to the Penal Code.

[2] Facts related to the substantive offenses are not relevant to the issues raised in this appeal and are therefore omitted.

third the three-year middle term doubled for the strike), plus 20 years (five years consecutive for each of the four prior serious felony enhancements).

On June 21, 2022, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court pursuant to former section 1170.03, subsequently renumbered as section 1172.1, effective June 30, 2022, recommending that the trial court consider recalling defendant's sentence and resentence him. CDCR noted that at the time of defendant's sentencing, imposition of a consecutive five-year enhancement was mandatory for each prior serious felony conviction brought and tried separately. Effective January 1, 2019, courts were authorized to exercise their discretion to strike prior serious felony enhancements found true under section 667, subdivision (a)(1), pursuant to section 1385.

On September 25, 2023, the People filed an opposition to CDCR's request for resentencing. The People argued that although defendant had no disciplinary actions while incarcerated, the postconviction factors weighed against defendant, no past traumas contributed to defendant committing the offenses, and defendant posed an unreasonable risk of danger to public safety.

Defendant filed a reply brief on January 18, 2024, along with a motion to strike the priors pursuant *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. Specifically, defendant asserted that (1) he was unlikely to reoffend given his age of 60 years; (2) defendant had a solid reentry plan; (3) defendant was low risk given his housing status, absence of prison disciplinary record, and self-help programming

sessions; and (4) defendant's medical problems rendered it unlikely he would reoffend. Attached as exhibits to defendant's reply included the information, abstract of judgment, the CDCR letter recommending resentencing, a CDCR cumulative case summary and evaluation report, a reentry safety plan court report, two education course completion certificates from prison, an abstract of judgment and police report from other cases, information about the facility where defendant was housed, and defendant's 2019 medical report.

On June 14, 2024, after analyzing section 1172.1, the prior relevant and new sentencing laws, the circumstances of the offenses, defendant's prior criminal history, and the factors in mitigation and aggravation, the resentencing court recalled defendant's sentence, denied defendant's *Romero* motion, and reduced the sentence on count 1 from the upper term of five years to the middle term of three years doubled to six years for the prior strike conviction. The court reimposed the two-year consecutive sentence on each of counts 2 through 5, and imposed a concurrent five-year sentence on prior serious felony enhancement number three. The court reimposed the five-year consecutive sentences on the three remaining prior serious felony enhancements, for an aggregate sentence of 29 years in state prison. The court ran the third prior serious felony enhancement concurrently given the court's concern that prior serious felony enhancements two and three were based on the same facts and circumstances.

The court recognized that serious felony priors two and three stemmed from the same facts. The court explained: "In reviewing all four prison [*sic*] priors, the Court did

4

have concerns that two of the four stem from the same case from August 5th, 1993. The facts of that case or cases were requested by the Court, but based upon the age of case, that information is no longer available. Both serious priors, number two and number three, are allegations of Penal Code Section 211 that occurred on August 5th, 1993. [¶] . . . [¶] As to the four serious prior offenses, serious prior offense number one, I'm sentencing the defendant to five years consecutive. And the serious prior number two, five years consecutive. And that's the serious number three, five years, but that will be concurrent as this appears to be based on same facts and circumstances the serious prior number two. And serious prior number four, five years consecutive. Defendant's total sentence now is 29 years determinate."

The court also stated: "Under Penal Code Section 1385(c), the Court considered the Court may dismiss an enhancement if it is in furtherance of justice unless prohibited by a statute for dismissal of enhancement when endangering public safety. Two factors the Court is considering, again, are that there are multiple enhancements alleged in a single case, the application of an enhancement could result in sentence of 20 years. [¶] In balancing all of these factors, the Court finds that the factors in aggravation outweigh the factors in mitigation. [Defendant] has led a life of crime and since 1986, has not been able to remain in the community for longer than six and a half months without committing a serious felony. The Court must consider this defendant and his past actions which are a clear indicator of future conduct. If the defendant were to be released, he would commit a new crime within six months. Moreover, defendant only pled seven

5

years ago to a determinate term of 38 years. In those seven years, he has only completed two self-help programs towards rehabilitation. Getting Out By Going Out and release preparation. He has no certifications or programs from May 3rd, 2018, to June of 2022. This a good start, but not significant progress to justify release as asked for by defense counsel. [¶] Additionally, the Court looked at the 1172.1 factors; one, the Court agrees defendant does not have any disciplinary record and that he completed the two short programs above. Again, this is minimal progress, but it's a good start. [¶] Two, the Court agrees defendant is age 60 and has served seven years of an agreed upon 38-year sentence. Defendant also had a couple of surgeries as outlined by defense counsel, but the Secretary of State letter states defendant's health status is general population and medical health factors are outpatient level of care. [¶] Three, as to any change in circumstance since the original sentence, the Court finds none and that continued incarceration is still in the interest of justice. [¶] As to the current sentencing law, under 1170(b)(1) aggravating factors, they need to be pled and proved beyond a reasonable doubt or available through a certified criminal record. The Court can also consider the defendant's prior convictions based on the certified record of conviction 1170(b)(3). Here the defendant has four serious prior offenses and four prior strikes as outlined in the information. Based upon the record of the defendant and the documents reviewed, the Court finds the aggravating factors as set forth above outweigh the mitigating factors above. [¶] . . . [¶] As to the current sentencing law, under 1170(b)(1) aggravating factors, they need to be pled and proved beyond a reasonable doubt or available through a

6

certified criminal record. The Court can also consider the defendant's prior convictions based on the certified record of conviction 1170(b)(3). Here the defendant has four serious prior offenses and four prior strikes as outlined in the information. Based upon the record of the defendant and the documents reviewed, the Court finds the aggravating factors as set forth above outweigh the mitigating factors above. [¶]. . . [¶] It should also be noted that the Court has not received any information or evidence that the defendant has experienced childhood trauma or that he was a victim of intimate partner violence. [¶] As to the enhancements, the Court finds that the dismissal of all of the enhancements would endanger public safety. In other words, there is a likelihood that dismissal of all four nickel priors would result in the physical injury or serious danger to others. He remains a documented Mexican Mafia member, carries a gun, and commits robberies. As stated by the victim in the 2016 robbery of the Goodwill store, she feared for her life."

As to credits, defense counsel noted, "Credits at original sentencing on February 3rd, 2017, were 227 actual days plus 34 conduct credits for a total of 261. Since that time, so post-sentencing, actual credits are 2,688 actual days. CDCR to calculate conduct." The court responded, "And those will be the orders of the Court for credits." The minute order of the resentencing hearing notes "[c]redit for time served" and CDCR to "calculate credits." The July 9, 2024 abstract of judgment of the resentencing hearing indicates total credits as 261 days from the date of the original sentencing hearing of February 3, 2017.

Defendant timely appealed.

III.

DISCUSSION

A. *Imposition of Priors Two and Three*

Defendant contends the resentencing court erred by imposing sentence on both prior serious felony enhancements two and three because they were not "brought and tried separately." He requests the matter be remanded for a new resentencing hearing as the court might have reduced his sentence further and that the record does not "clearly indicate" the court would have imposed the same sentence if fully aware of its discretion. Defendant also asserts that the issue is not forfeited, and if forfeited, his counsel was ineffective as he suffered prejudice.

The People respond defendant has forfeited his claim for failure to bring it before the resentencing court, and if not forfeited, this court should vacate the true finding on prior serious felony enhancement number three because it was not brought and tried separately. The People do not believe a remand for a new resentencing hearing is necessary.

Initially, we reject the People's argument that defendant's claim is forfeited because he did not raise it in the trial court at the time of resentencing. The "error involved in an unauthorized sentence and is not subject to forfeiture, and can never be harmless." (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 477.) Additionally, at the sentencing hearing, defendant's counsel stated "[p]riors number two and three were from the same case out of San Bernardino from 1993" when requesting dismissal of prior

8

serious felony enhancements. The issue is thus preserved for further review and we will reach the merits of defendant's contention.

Section 667, subdivision (a)(1), provides: "A person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction that includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately."

The California Supreme Court has construed the phrase "brought and tried separately" to mean that "the underlying proceedings must have been formally distinct, from filing to adjudication of guilt." (*In re Harris* (1989) 49 Cal.3d 131, 136; *People v. Ebner* (1966) 64 Cal.2d 297, 304 ["prior felony proceedings must be totally separate, not only during proceedings before trial but also as to those leading to the ultimate adjudication of guilt"].) " 'The question whether prior convictions were brought and tried separately is for the court to decide, not the jury.' " (*People v. Jones* (2015) 236 Cal.App.4th 1411, 1415-1416.) "[I]t is an *element* of the prior serious felony enhancement that the charges be 'brought and tried separately' and where, as in this case, multiple serious felonies were proven in a single prior proceeding, the People cannot prove more than one such enhancement exists." (*Id.* at p. 1416; see *People v. Wagner* (1994) 21 Cal.App.4th 729, 732-737.)

9

The parties here agree that prior serious felony enhancements number two and three stemming from August 5, 1993, were not brought and tried separately and thus were improperly used to support two enhancements. The resentencing court also stated it had "concerns that two of the four stem from the same case from August 5th, 1993." The court noted it had requested the underlying records, but due to the age of the case, the information was no longer available. However, the court indicated both prior serious felony enhancement numbers two and three were based on "Penal Code [s]ection 211 that occurred on August 5th, 1993."

The question thus becomes whether we should strike one enhancement, specifically number three, or remand the matter for a resentencing hearing. Defendant asserts that we "must order a full resentencing, because given the resentencing court's error involving serious-felony priors two and three, it was not fully aware of its discretion in resentencing [defendant]" and that the record does not "clearly indicate" the court would have imposed the same sentence had it understood the scope of its discretion. The People argue that the record shows the court "was only willing to reduce [defendant's] sentence as mandated by changes in the sentencing laws, and that it would not have exercised discretion to further reduce [defendant's] sentence."

The California Supreme Court has held " '[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been

10

based on misinformation regarding a material aspect of a defendant's record.' [Citation.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; accord, *People v. Lynch* (2024) 16 Cal.5th 730, 771 (*Lynch*).)

*People v. Jones* (2019) 32 Cal.App.5th 267, is instructive. In that case, the defendant sought remand for resentencing in response to a new law that gave trial courts discretion to strike serious felony prior enhancements. (*Id.* at p. 272.) In declining to remand the case, the court relied on the trial court's statements that imposing a lengthy sentence gave it " 'great satisfaction,' " the defendant had " 'earned' " the sentence, and there was " 'no shortage' of aggravating factors." (*Id.* at p. 274.) The court also pointed out that the trial court chose to impose the upper term on one of the counts, despite having already imposed a life with parole sentence. (*Ibid.*) The court concluded that, in light of the trial court's statements and sentencing decisions, remand would be futile. (*Id.* at pp. 274-275.)

In *People v. McVey* (2018) 24 Cal.App.5th 405 (*McVey*), the Court of Appeal held remand in light of Senate Bill No. 620 to permit the court to exercise its discretion regarding whether to strike the defendant's firearm enhancement "would serve no purpose but to squander scarce judicial resources." (*McVey*, at p. 419.) In so holding, the *McVey* court noted the trial court "had discretion to impose a 3-, 4-, or 10-year prison

11

term for the firearm enhancement." (*Ibid*.)  In imposing a 10-year term for the firearm enhancement, the trial court "identified several aggravating factors, including the lack of significant provocation, [the defendant]'s disposition for violence, his lack of any remorse, and his 'callous reaction' after shooting an unarmed homeless man six or seven times.  These factors, the court said, far outweighed any mitigating factors."  (*Ibid*.)  And the trial court expressly stated on the record, " '[T]his is as aggravated as personal use of a firearm gets,' and 'the high term of 10 years on the enhancement is the only appropriate sentence on the enhancement.' "  (*Ibid*.)  The *McVey* court held given "the trial court's express consideration of the factors in aggravation and mitigation, its pointed comments on the record, and its deliberate choice of the highest possible term for the firearm enhancement, there appears no possibility that, if the case were remanded, the trial court would exercise its discretion to strike the enhancement altogether."  (*Ibid*.)

Furthermore, the California Supreme Court found remand unnecessary in *People v. Flores* (2020) 9 Cal.5th 371, concluding, "The record in this case demonstrates with unusual clarity that remand would be an idle act."  (*Id*. at p. 432, citing *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425.)  The high court explained, "At sentencing, the trial court said, '[Q]uite frankly, based on what I know about the defendant and based on what I know the defendant did . . . I think [the defendant] does fall into the category of the worst of the worst offenders thereby deserving the ultimate sentence of death.'  It 'believe[d] that in this situation the punishment does fit the crimes based on the senseless murders of four separate individuals, three being charged in the information in this case.'

[The] [d]efendant, the court remarked, 'show[ed] absolutely no remorse'; '[i]t's as if he has no soul.' In the court's 'opinion[,] justice will be served' by a death sentence. Given that the trial court explicitly said it thought it 'just[ ]' for [the] defendant to receive a death sentence—the most severe sentence available under California law—it is clear the trial court would not have exercised its discretion to eliminate the firearm enhancements 'in the interest of justice,' had such discretion been available to it at the time of sentencing (Pen Code., § 12022.53, subd. (h)). Under these circumstances, a remand is not required." (*Flores*, *supra*, at p. 432, fn. Omitted; accord, *People v. Lynch*, *supra*, 16 Cal.5th at p. 777.)

Here, the trial court rejected defendant's request to strike his prior strike and prior serious felony convictions, and it reimposed three of the four prior serious felony enhancements, while ordering prior serious felony number three concurrent. The court's statements regarding its reasons for denying defendant further reductions to his sentence made clear that it was not inclined to exercise any leniency and only reduced the sentences as mandated by section 1170, subdivision (b) and 667, subdivision (a)(1). The record here does include pointed comments such as those at issue in *Jones*, *McVey* and *Flores*, and at the time defendant was resentenced, the court had the discretion to strike the prior serious felony enhancements and was fully aware of its discretion to do so. In discussing whether to strike defendant's prior strike, the court noted that defendant had engaged in violent conduct that indicated a serious danger to society and that his prior convictions as an adult or sustained petition in juvenile delinquency proceedings were

numerous. The court stated, "He never learned from his mistakes and continues to be a danger to society." The court also asserted, "[This] Court considers [defendant] to be a risk to the community who has not demonstrated any remorse for his current crimes."

The court made additional comments showing its intent to choose the highest possible term when it considered whether to dismiss the prior serious felony enhancements under section 1385. The court found the factors in aggravation outweighed the factors in mitigation The court again stated that defendant had "led a life of crime and since 1986, has not been able to remain in the community for longer than six and a half months without committing a serious felony." The court further explained, "The Court must consider this defendant and his past actions which are a clear indicator of future conduct. If the defendant were to be released, he would commit a new crime within six months. Moreover, defendant only pled seven years ago to a determinate term of 38 years. In those seven years, he has only completed two self-help programs towards rehabilitation." The court looked at the section 1172.1 factors, and while it agreed defendant had no disciplinary record, he had made "minimal progress." The court found defendant's health to be at the outpatient level of care, and that, in conjunction with no changes in his circumstances since the original sentence, showed continued incarceration was still in the interest of justice.

The court also stated, "As to the enhancements, the Court finds that dismissal of all of the enhancements would endanger public safety. In other words, there is a likelihood that dismissal of all four nickel priors would result in the physical injury or

serious danger to others. He remains a documented Mexican Mafia member, carries a gun, and commits robberies." The court *again* noted that over the last "30-plus years [defendant] has not remained out of custody for more than seven months. He gets out of prison and he commits a serious crime in under seven months." Based on the court's well-reasoned comments on the record and its deliberate choice of the highest possible term based on sentencing changes, there appears no possibility that if the case were remanded it would exercise its discretion to further reduce defendant's sentence. We can conclude this record reflects a clear indication by the trial court that it would not have struck these enhancements if the matter was remanded or it understood prior serious felony number was not brought and tried separately.

Defendant's reliance on *People v. Salazar* (2023) 15 Cal.5th 416 is misplaced. In that case, the defendant's appeal was pending when the relevant amendments to section 1170 went into effect. (*Salazar*, at p. 423.) The high court explained that, when the applicable law governing the defendant's sentence has substantively changed after sentencing—in which case the court was not fully aware of the scope of its discretionary powers—the proper remedy is to remand unless the record clearly indicates the court would have reached the same conclusion had it been aware of its discretion. (*Id.* at p. 425.)

Here, the law governing defendant's sentence did not substantively change while his case was on appeal. Instead, the trial court resentenced defendant about two years after the relevant amendments to section 1385 went into effect. Moreover, the court

thoroughly explained the prior and new sentencing laws, case law analyzing section 1385, and the factors the court must consider under section 1385. The record clearly indicates the court was aware of its sentencing discretion and complied with the new sentencing laws when it imposed defendant's sentence. (See *People v. Lee* (2017) 16 Cal.App.5th 861, 866-867.) The court knew it had discretion but declined to exercise it because of defendant's extensive criminal history, the circumstances of the offenses, and recent completion of self-improvement programs. Stated otherwise, the court found that dismissing an enhancement would endanger public safety. (See, e.g., *People v. Cota* (2023) 97 Cal.App.5th 318, 337 [§ 1385, subd. (c)(2)(B) does not require dismissal of enhancement when it would endanger public safety]; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 291 [same as to § 1385, subd. (c)(2)(C)].) Defendant has the burden to demonstrate otherwise, which he has failed to do, and cannot show the court would reduce defendant's sentence further if the matter was remanded for another resentencing hearing had it been aware prior serious felony number three should have been stricken rather than concurrently imposed.

Given the court's statements and sentencing choices, it is apparent it would not impose a different sentence if given the opportunity. Under these circumstances, remand for another resentencing hearing would be futile and a waste of judicial resources. (See *People v. McVey*, *supra*, 24 Cal.App.5th at p. 419.) However, as previously explained, we order the true finding on prior serious felony enhancement number three vacated as it was not brought and tried separately.

16

B.  *Correction of Abstract of Judgment*

At the resentencing hearing, defense counsel noted, "Credits at original sentencing on February 3rd, 2017, were 227 actual days plus 34 conduct credits for a total of 261. Since that time, so post-sentencing, actual credits are 2,688 actual days.  CDCR to calculate conduct."  The court responded, "And those will be the orders of the Court for credits."  The minute order of the resentencing hearing notes "[c]redit for time served" and CDCR to "calculate credits."  The July 9, 2024 abstract of judgment of the resentencing hearing indicates total credits as 261 days from the date of the original sentencing hearing of February 3, 2017.

The resentencing court directed CDCR to calculate defendant's actual credits. However, the parties agree that the court had to calculate the credits.  When a defendant is resentenced, "the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)  Therefore, the resentencing court had to recalculate defendant's actual credits, which the parties further agree totals 2,915 days, calculated as 2,688 actual days credit from original sentencing of February 3, 2017 to defendant's June 14, 2024 resentencing and 227 actual days of presentence credit. Defendant's total credits thus should be 2,949 days (2,915 actual days plus 34 days of presentence conduct credits).

17

IV.

DISPOSITION

The matter is remanded with directions to the trial court to modify the judgment to vacate prior serious felony enhancement number three and to award custody credits in the amount of 2,915 actual days plus 34 days of presentence conduct credits, for a total of 2,949 days.  The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  The resentencing order is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

18